FELIX J. RYNDAK v. WILEY P. SEAWELL.

(Filed March 4, 1904.)

1. PETITION TO FORECLOSE MECHANIC'S LIEN—Defective, When. A petition in an action to foreclose a mechanic's lien for material furnished, that does not contain an allegation that the material was actully used in the construction of the building, is defective.

2. DEFECT NOT CHALLENGED BY DEMURRER, WHEN. But such defect is not challenged by a demurrer to the petition on the ground that the petition does not state facts sufficient to constitute a cause of action.

3. DEFECT IN PETITION—Waived, When. Where such petition is defective in that it does not allege that the material was actually used in the building, and the defect is not challenged before or at the trial, and evidence is introduced without objection showing that the material was actually used in the construction of the building, the defect in the petition will be deemed to have been waived.

4. DEMURRER SUPERSEDED BY FILING ANSWER, WHEN. Where a demurrer and an answer are filed at the same time, the answer being filed before a decision is had upon the demurrer, and the petition in the case contains but one count or cause of action, the answer will be held to have superseded the demurrer, and the trial should proceed as though no demurrer had been filed.

5. MECHANIC'S LIEN—Material Man a Sub-contractor, When. Where M. enters into a contract with R., agreeing to furnish all material and construct a building for R. and S., a material man, having knowledge of the contract of M., makes a contract in relation thereto with M., to furnish the material for such building, with the understanding that the material is to be used by M., in the construction of the building for R., S., thereby becomes a sub-contractor within the meaning of the mechanic's lien law, and if the material is actually used in the construction of the building, S., is entitled to a mechanic's lien as a sub-contractor.

47 –Vol 13

6. A SUB-CONTRACTOR BECOMES A PRINCIPAL CONTRACTOR, WHEN. Where M., enters into a contract with R., to furnish all material and construct a building for R., and S., as sub-contractor, enters into a contract with M., to furnish the material for such building; and afterward, because of a misunderstanding, M., and R., agree to cancel their contract, in which agreement of cancellation R., agrees to release M., from all obligations arising out of the original contract, and R., agrees to pay all claims for material and labor then outstanding, and R., afterward proceeds with the construction of said building to its completion, S., furnishing the remainder of the material necessary therefor, and all of the material furnished is actually used in the construction of the building, S., is entitled to a mechanic's lien for the material furnished under section 620, civil code, Wilson's Statutes, as a principal contractor with the owner; and he is not required to serve the notice of the filing of such lien provided for by section 621.

(Syllabus by the Court.)

*Error from the District Court of Kiowa County; before John H. Burford, Trial Judge.*

*Shartel, Keaton & Wells,* for plaintiff in error.

*Rummons & Brown,* for defendant in error.

### STATEMENT OF FACTS.

William Matkin, a contractor and builder of Hobart, Kiowa county, entered into a contract with Felix J. Ryndak to construct for him a frame building.

Wiley P. Seawell, a lumber dealer, having knowledge of the contract between Matkin and Ryndak, and with the view that the lumber was to be used in the building of Ryndak to be constructed by Matkin, contracted with Matkin to furnish the material therefor.

A large portion of the material necessary was furnished under such contract, and was used in the construction of the building. However, before the building was finished, Ryndak became dissatisfied with the contractor, Matkin, and solicited Seawell to use his influence with Matkin to cancel

and terminate the contract. This Seawell agreed to do, under the condition, as he claimed, that Ryndak should pay him for the material then furnished. Seawell succeeded in his undertaking; and on September 3, 1901, the contract between Matkin and Ryndak was cancelled, the parties at that time entering into a written agreement which provided that the contract should be terminated, Ryndak should be given possession of the building, that he should complete the same, that he should pay all claims for material and labor then outstanding, and that both Matkin and Ryndak should be released and discharged from any and all claims due from one to the other growing out of the contract.

This written agreement was unknown to Seawell until after the commencement of the case and just before the trial.

After the termination of the contract, Ryndak completed the building, and purchased of Seawell the remainder of the lumber necessary for its construction.

Ryndak, failing to pay for the lumber so purchased, Seawell filed a statement for a mechanic's lien; and afterwards commenced this action in the district court of Kiowa county, to recover the sum of $832.01, for the lumber sold to Matkin, and $161.40, for lumber sold directly to Ryndak; and for the foreclosure of the mechanic's lien. There was but one count in the plaintiff's petition, the two items being pleaded as one cause of action.

On December 4, 1901, the defendant filed both a demurrer and an answer to the plaintiff's petition, the demurrer being upon these grounds: First, that there was a defect of parties defendant; second, that there were several

causes of action improperly joined; third, that the petition did not state facts sufficient to constitute a cause of action. The answer runs to the entire petition. The demurrer was presented to the court and overruled on April 30, 1902. On the 3rd day of May following, the defendant filed an amended answer, in which there was a general denial, except as to matters specially admitted, then an admission of the contract between Ryndak and Matkin, and an allegation that subsequently thereto Matkin had abandoned the building and refused to perform the contract, and that after abandoning the contract, Matkin had released Ryndak from the conditions thereof. Following this is an admission of indebtedness in the sum of $161.40, for the material which it is claimed was furnished directly by Seawell to Ryndak.

In the reply, plaintiff alleges that subsequent to the making of the contract, Ryndak released Matkin therefrom without the knowledge or consent of the plaintiff; that Ryndak had agreed with Matkin to assume and pay all outstanding bills for material used in the construction of the building, and that the fact of such release was not known to the plaintiff until after the commencement of the action.

Upon the pleadings thus framed, the cause was tried by the court and jury, which trial resulted in a verdict for the plaintiff in the sum of $993.40.

A motion for a new trial was filed and overruled. Judgment was rendered upon the verdict, also sustaining the mechanic's lien and ordering the same foreclosed; from which judgment the defendant, Ryndak, appeals to this court.

The above is a statement of the main facts. Such other facts as are necessary to be shown, appear in the opinion.

Opinion of the court by

PANCOAST, J.: Numerous objections were made in the court below, both to the sufficiency of the pleadings and to the introduction of evidence. All contentions, however, are abandoned in this court, save three; the first of which is that the demurrer to the petition of plaintiff below should have been sustained, because there was no allegation in the petition that the material sold and for which claim was made, was used in the construction of the building upon which the lien was claimed; second, that as to the material claimed to have been sold the contractor Matkin, the plaintiff was not a sub-contractor, under the evidence, but a mere material man, and not entitled to any lien; third, that as to the material sold to the contractor Matkin, and for which plaintiff below claimed as a sub-contractor, there was no proof of the service of notice upon the owner as required by statute.

It is true that there is no direct allegation contained in the petition that the lumber sold to the contractor was used in the building. Was the defect in the petition in this respect properly challenged by the demurrer?

The first ground of the demurrer, that there was a defect of parties, certainly did not reach this proposition. The second, that there were several causes of action improperly joined, did not reach it. The third, that the petition did not state facts sufficient to constitute a cause of action, did not reach it. A general demurrer will not reach this proposition. The foreclosure of a mechanic's lien is only ancillary to the main cause of action. The basis of the cause of action was the debt claimed to be due the plaintiff. The petition was sufficient as a cause of action upon an open account,

and even if the action as to the mechanic's lien had been eliminated, still there was a good cause of action stated in the petition. The mechanic's lien statement was sufficient for its purpose. The petition is defective, in that it does not contain a direct allegation that the material was used in the construction of the building. No proper objection, however, being taken to the petition to reach this defect, either before or after pleading, or on the trial of the case, it was waived, and the petition will be considered here as if the proper amendment had been made. (*El Reno Electric Light & Telephone Company v. Jennison,* 5 Okla. 760; *Mulhall v. Mulhall,* 3 Okla. 304.)

More particularly should this rule be adhered to, there being no objection made to the introduction of evidence because of this defect in the petition. The record discloses that there was ample evidence of the lumber having been used in the building, and this evidence was offered and introduced without any objection whatever that the petition did not contain an allegation that the lumber was so used. The objection, in this respect, is more or less a technical one, and, in order to have any force in this court, should have been urged in the proper way in the court below. This was not done; indeed, no effort was made in that direction.

Again, it will be noted that the answer and demurrer were both filed upon the same day. This is not the correct practice; and it is the rule, under codes like ours, that where an answer is filed before a decision is had upon a demurrer already on file, and there is but one cause of action stated in the petition, the answer will supersede the demurrer. We think that is the effect of filing the demurrer and the answer

upon the same day in this case. The answer should be held to have superseded the demurrer, and the trial to have proceeded as though no demurrer had been filed.

The objection that the material man was not a subcontractor under the evidence, and was not entitled to any lien, is not well taken. The statement for a lien showed that a part of the lumber was furnished to the contractor Matkin and a part to Ryndak direct, the material man claiming to be a sub-contractor. The evidence was introduced, and the case was tried out principally upon this theory, although the instructions to the jury were to the effect that if Ryndak, in. the cancellation of his contract with Matkin, assumed the obligations for the material purchased by Matkin, he then became personally responsible for them. Counsel's argument that Seawell was not a sub-contractor within the meaning of the mechanic's lien law, is very ingenious to say the least; but we think their construction in this respect is a very narrow one, and is not borne out by the authorities upon this subject. It is true that the statute should not be enlarged beyond its express provisions; but it is equally true that it should not receive such a narrow construction as to exclude from its application persons or classes who are intended to be placed within its protection. The rule that statutes in derogation of the common law shall be strictly construed, has no application here. This statute under contemplation should receive a liberal interpretation. Of course, it should not be so construed as to reach out and bring within its provisions persons not included within it, or so as to confer special privileges upon them.

We think that where a material man enters into a con-

tract with a contractor to furnish material for a building, which the contractor has agreed to build, and where the material man has knowledge of such contract, and makes his contract in relation thereto with the understanding that the material is to be used by the contractor in the building, he thereby becomes a sub-contractor within the meaning of the mechanic's lien law, and if the material is used in the construction of the building, he is entitled to a lien. A sub-contract is one made under a previous contract; and a sub-contractor is one who takes a portion of a contract from the principal contractor.

In this case, Matkin had a contract for the construction of the entire building, which included the furnishing of all the material to be used therein. Seawell contracted with Matkin to furnish the material for the building. In doing so, he agreed to perform a part of the contract which Matkin had obligated himself to perform. Why, under such circumstances, should not Seawell be held to be a sub-contractor within the meaning of the mechanic's lien law? The statute provides that any person who shall furnish material under contract with a contractor, may obtain a lien. This means, of course, that a sub-contractor must contract with reference to the original contract. He must have knowledge of such original contract, and that the material is to be furnished for the property, and is to go to the betterment thereof; and the material must actually be used in the construction of the improvement to be made. When material is furnished under such circumstances, the material man becomes, within the meaning of the mechanic's lien law, a sub-contractor, and is entitled to a lien under the pro-

visions of that act. (*Springfield Boiler & Manufacturing Company v. Best* [Kan.], 65 Pac. 239.)

The remaining contention is that there was no proof sustaining the allegation of the petition that notice was given to Ryndak of the filing of the mechanic's lien, as required by statute.

Upon the trial, the plaintiff offered in evidence a copy of the mechanic's lien, which was attached to the petition, together with an endorsement of service thereon. This endorsement reads as follows:

"October 26, 1901. Served a true and certified copy of this writ by delivering same to Felix J. Ryndak, on October 26, 1901. W. F. Austin, dep. sher., by W. B. S."

The only objection interposed to the introduction of this copy of the mechanic's lien and the endorsement thereon, was that it was not properly certified. Just what was meant by this objection is not clear. At any rate, it is not the objection which should have been made in order to defeat its introduction. The objection should have been that it was incompetent, and we have no doubt that had such an objection been raised, it would have been sustained. No sufficient objection having been made, it was properly allowed to be introduced, and when introduced, it was some evidence, however slight, that notice had been given of the filing of the mechanic's lien. The paper itself is conceded to have been notice, the only contention being that there was no sufficient proof of service. There was no evidence, however slight, denying the service of notice. We can not agree with counsel that the return was no evidence whatever of service. We think it was evidence, though perhaps but slight evidence,

and there being no contradiction of it in any way, it was sufficient for the purpose. The trouble with this contention is that the claim is made in this court for the first time that the return was no evidence of notice of filing of the mechanic's lien, while in the court below no proper objection was made to the introduction of the return. This notice of filing of a mechanic's lien provided by statute not being required to be served by an officer or any special individual, the rules with reference to the return of an officer to the writ or the service by an officer of any writ, cannot apply here, and it is therefore unnecessary to discuss this question under that head, applying those rules. The only question under this head is, was notice served on Ryndak of the filing of the mechanic's lien? Nowhere in the record does he claim that it was not served. By the introduction of the endorsement on the copy of the mechanic's lien attached to the petition, there was slight evidence on the part of the plaintiff that notice had been given. Therefore, the finding of the court in favor of the plaintiff upon this point must be sustained.

But we think, owing to the peculiar conditions of this case, that Seawell should be held to be entitled to a mechanic's lien as a principal contractor with Ryndak; and this because of the written agreement which was entered into on the part of Ryndak with his contractor, Matkin, which is as follows:

"This agreement, made this 3rd day of September, A. D. 1901, Witnesseth: That as there is some misunderstanding between W. H. Matkin and Felix Ryndak on a contract dated August 19, 1901, for the construction of a building for Mr. Ryndak, it is therefore mutually agreed between them that said contract be and the same is hereby cancelled

and terminated. Mr. Ryndak is given possession of the build-
ing, is to complete the same, is to pay all claims for material
and labor now outstanding, and said Matkin is released and
discharged from any and all claims and demands growing
out of the said contract, and likewise Mr. Ryndak is released
and discharged from any and all claims for and on behalf
of Mr. Matkin.  (Signed)

"W. H. MATKIN,

"FELIX J. RYNDAK.".

By the provisions of this contract, Ryndak assumed
all the obligations of the contractor. There was sufficient
consideration for this contract, and Ryndak, from that time
on, became in effect the principal contractor, both as to the
material already furnished and that subsequently purchased
by him. He should be held as having dealt directly with the
material man. This being so, all questions of sub-contract
and notice were eliminated, and the verdict and judgment
were proper and right.

Having carefully examined all questions presented by
the petition in error and brief, and seeing no error in the
record, the judgment of the court below is affirmed.

Burford, C. J., who presided in the court below, not sit-
ting; all the other Justices concurring.