## MONARCH REFINERIES, Inc., v. UNION TANK CAR CO.

No. 31063. Sept. 28, 1943.

*141 P. 2d 556.*

Paul G. Darrough, of Oklahoma City, for plaintiff in error.

Keaton, Wells & Johnston, of Oklahoma City, for defendant in error.

GIBSON, V. C. J. This is an action to recover the rental value of certain tank cars. The trial court rendered judgment for plaintiff on directed verdict for the amount sued for, and defendant appeals.

The parties have stipulated that the tank cars were used by defendant for the time and in the manner alleged in

the petition, leaving the measure of recovery as the only issue for determination.

Plaintiff instituted and prosecuted its case on the theory of quasi contract, or an obligation on the part of defendant arising by implication or operation of law to pay to plaintiff its own prevailing rental rates for the use of said cars.

On the other hand, defendant insisted that since the action was based on contract, the measure of damages was not the customary charges made by plaintiff for the use of its cars, but the reasonable rental value to be ascertained from and measured according to the prevailing rentals charged for like cars in the particular part of the country.

It appears from the stipulation and undisputed facts that defendant took possession of the cars and used them as alleged without plaintiff's consent. It further appears as an uncontroverted fact that plaintiff, by letter, had cautioned defendant concerning a similar use of plaintiff's equipment on a former occasion. After calling attention to such use, the letter continued as follows:

"You, of course, realize you had no right to use our property without our permission or without arranging for adequate compensation to us.

"This letter is to advise you that permission to use our equipment should be secured by you before you load the cars and if you use our equipment without permission you will be subject to the penalty for such seizure."

Certain evidence on the part of defendant tended to show that the rental rates for like cars as then prevailing in the vicinity were somewhat less than the regular rates ordinarily charged by plaintiff.

It is urged that the evidence was sufficient to show that the plaintiff could not have obtained a greater sum for its cars than the rental rates generally prevailing at the time, and for that reason should not now be allowed to recover from defendant a greater rental than the prevailing rates.

Defendant says the court erred in not submitting the question of damages to the jury for its determination on the evidence aforesaid.

Usable value, says defendant, constitutes the measure of damages in this instance as in all cases involving the wrongful detention of that character of property which has a usable value. Parsons v. Eisele, 137 Okla. 35, 277 P. 643; Mays v. Anderson, 150 Okla. 255, 1 P. 2d 705; 23 O. S. 1941 § 21, and other authorities.

Plaintiff contends that the action of the trial court in measuring the amount of recovery by the regular rates charged by plaintiff to all its lessees was proper in that defendant's obligation arose from the law of natural immutable justice and equity; that it was defendant's duty to pay those rates, and from that duty the law constructs the contract. First National Bank of Okmulgee v. Matlock, 99 Okla. 150, 226 P. 328. The obligation, it is said, rested not upon an express or an implied contract involving the intention of the parties but upon a constructive or quasi contract which fits itself to the obligation; that the obligation in this instance was to pay the regular rates established in good faith by plaintiff for the use of its cars, pursuant to bona fide business policies.

In First National Bank v. Matlock, supra, it is said that a quasi contract is an implication of law; and an implied contract an implication of fact; that in the former the intention of the parties is disregarded, and the duties define the contract, while in the latter the intention is ascertained and enforced, and the contract so ascertained defines the duty.

However, we are aware of no distinction between the method of calculating damages in actions on contracts implied in law and the method employed in actions on contract implied in fact. The parties cite no guiding authority. Here, plaintiff has waived the tort committed by defendant in taking and using the cars, and has elected to sue on implied contract to recover the value of

such use. All such contracts so implied are nothing other than quasi contracts, or, that is to say, constructive contracts implied in law.

Whether an action is on express contract, on contract implied in fact, or on contract implied in law, the action in any event is based on contract, and the measure of damages rests upon the statutes. In any such case the measure "is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby," etc. 23 O. S. 1941 § 21. And, if the obligation is to pay money, the detriment caused by the breach is the amount due by the terms of the obligation. 23 O. S. 1941 § 22.

The obligation in the instant case is imposed on defendant by operation of law. When it assumed control of plaintiff's cars and put them to use without previous agreement with plaintiff, the law implied that it should pay to plaintiff all the detriment proximately caused thereby.

Where personal property is so taken and used for a time, the benefits received by the wrongdoer are ordinarily to be measured by the amount he would have been obligated to pay for like benefits under the prevailing conditions. Where the property is such that it commands a standard or customary price for its use, that price would usually control. But, where the owner is engaged in the business of letting out the particular property for hire at regular rates established in good faith pursuant to bona fide business policy, a party who takes the property and employs it to his own use without consent of the owner is implied in law to have assented to such rates and to have assumed the obligation to pay accordingly, if the owner elects to hold him to that duty. The wrongdoer's obligation is for the payment of money, and the detriment to the owner is measured by the obligation which, in this case, was to pay the regular rates, sec. 22, supra.

Plaintiff's regular rates for the use of its cars were not in any way questioned as being established in bad faith.

The action of the trial court in basing the judgment upon those rates as a matter of law did not constitute error.

The cases, supra, cited by defendant, Parsons v. Eisele, and Mays v. Anderson, are not in point. The first was a tort action for wrongful detention of personal property, and the recovery was based on the statute relating to damages in tort actions. 23 O. S. 1941 § 61. The second was an action to recover rent from an occupant of land, falling within the statute governing the measure of recovery in such cases. 41 O. S. 1941 § 19.

We find no error in the record. The judgment must therefore be affirmed.

Defendant in error has called our attention to the supersedeas bond incorporated in the record, and has moved for judgment thereon against plaintiff in error and the surety named therein, National Surety Corporation.

It is therefore ordered, adjudged, and decreed that the plaintiff, Union Tank Car Company, a corporation, have and recover of and from the defendant, Monarch Refineries, Inc., and its said surety National Surety Corporation, the sum of $520.89, the principal amount of said bond, with interest at 6 per cent per annum from May 12, 1941, and costs, for which let execution issue out of trial court.

CORN, C. J., and RILEY, OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., dissents.