**I.C. GAS AMCANA, INC., a Delaware corporation, the Home–Stake Oil & Gas Company, an Oklahoma corporation, the Home–Stake Royalty Corporation, an Oklahoma corporation, O. Strother Simpson, John O. Sparks, and Van Horn Oil & Gas Inc., an Oklahoma corporation, Appellants,**

**v.**

**J.R. HOOD and Jrhop, Inc., an Oklahoma corporation, Appellees.**

**No. 69448.**

Supreme Court of Oklahoma.

July 14, 1992.

Supplemental Opinion Granting Rehearing in Part and Otherwise Denying Rehearing July 6, 1993.

Order Denying Motion to Cancel Supersedeas Bond July 6, 1993.

J. David Jorgenson, Steven K. Balman, Conner & Winters, Tulsa, for appellants.

Jack R. Durland, Jr., Kelley C. Callahan, Crowe & Dunlevy, Oklahoma City, W.D. Hart, Hart, Rennie, McClain & Hart, Pauls Valley, for appellees.

SIMMS, Justice:

Appellants, I.C. Gas Amcana, Inc., The Home–Stake Oil & Gas Company, The Home–Stake Royalty Corporation, O. Strother Simpson, John O. Sparks, and Van Horn Oil & Gas Inc. (Amcana), appeal the judgment of the trial court rendered in favor of appellees, J.R. Hood and JRHOP, Inc. (Hood). After a non-jury trial, the trial court found title to an oil and gas lease properly with Hood and adjudged Amcana liable for damages for drainage and lost profits, as well as attorney's fees and costs. The Court of Appeals affirmed the trial court's judgment in part and modified the damages disallowing prejudgment interest thereon. Certiorari was granted to consider Amcana's claim to a jury trial on the nonequitable causes of action. Because Amcana was denied their right to a jury trial, we vacate the opinion of the Court of Appeals, reverse the judgment of trial court and remand the cause to the district court for jury trial. We do not at this time address the other propositions urged by Amcana.

Hood acquired some oil and gas leases and assigned them to Amcana with the agreement that Amcana would drill a 7,400 foot test well. The assignment further provided:

"[Amcana] upon completion of said test well as previously described either as a producing well or dry hole and if no further drilling is contemplated by [Amcana], [Amcana] will hereby reassign to [Hood] all rights in the Oil and Gas Leases described in Exhibit "A" from 100 feet below the deepest depth drilled by [Amcana].

Additionally, the parties agreed, among other things, to assign to each other royalty interests in any other leases that each party acquired within a prescribed area around the test well.

Amcana completed the test well, and contemplating further drilling, chose not to reassign the deep rights to Hood. Shortly thereafter, Hood made demand upon Amcana to reassign the deep rights, arguing the terms of the assignment required Amcana to reassign the deep rights at least within one year, and possibly within six months. However, Amcana decided to drill a test well to the greater depths and notified Hood of the decision. Perceiving Hood's claim to the deep rights as a cloud on their title, Amcana instituted a quiet title action in Garvin County District Court.

In response, Hood filed a counter-claim against Amcana requesting title be quieted in Hood. Hood further alleged that Amcana made fraudulent misrepresentations to him in order to get him to execute the assignment. These misrepresentations were in the form of oral promises to reassign the deep rights within one year of the test well's completion. Hood sought $275,-000.00 damages in lost profits due to the fraud, and $1,000,000.00 in punitive damages.

Shortly before a scheduled pre-trial conference, Hood amended its counter-petition to include a claim for drainage in the amount of $1,500,000.00. Amcana objected to this claim and sought a continuance to conduct discovery on the new claim, but the trial court denied the continuance. Amcana then demanded a jury trial. The trial court also denied this request, reasoning that since the paramount issue in the case, the question of title, was an issue of equitable cognizance, Amcana had no right to a jury trial.

Prior to trial, Amcana voluntarily reassigned the deep rights to Hood after determining that the proposed test drilling to the deeper depths had become uneconomical. The trial court again refused Amcana's request for jury trial and dismissed Amcana's claim. Trial was had on Hood's counter-claims, and the court found in favor of Hood awarding $145,703.00 damages in drainage, $155,300.00 in lost profits, prejudgment interest, attorney's fees, sanctions and costs.

The right of trial by jury in civil cases is guaranteed by Article 2, § 19 of the Oklahoma Constitution which states that such right "shall be and remain inviolate" except in civil cases involving $100.00 or less.[1] Title 12 O.S.1981, § 556 provides for issues of fact arising in actions for the recovery of money, or of specific real or personal property to be tried to a jury. All other fact issues are to be tried to the court, as are issues of law. 12 O.S.1981, §§ 556-57.

In interpreting these statutory provisions, this Court has long held that a jury trial will be denied only in questions of purely equitable cognizance. *Eash v. Pence*, 121 Okla. 7, 246 P. 1091 (1926); *Liles v. Bigpond*, 190 Okla. 112, 121 P.2d 596 (1942). Furthermore, when an equity cause of action and law claim are involved in one suit, the trial court at its discretion may submit the equity case to the jury, but it is its duty to submit the law case to the jury for determination. *Chouteau v. Hornbeck*, 125 Okla. 254, 257 P. 372 (1927); *Garrett v. Kennedy*, 193 Okla. 605, 145 P.2d 407 (1943).

In the case at bar, the trial court followed the well-settled rule that where the equitable issues are paramount or the legal issues incidental to or dependent upon the equitable issues, then the issues are treated as equitable for purposes of the trial, and the parties are not entitled to a jury trial. *Butcher v. McGinn*, 706 P.2d 878 (Okla.1985); *Russell v. Freeman*, 202 Okla. 421, 214 P.2d 443 (1949); *Moschos v. Bayless*, 126 Okla. 25, 258 P. 263 (1927). The trial court determined the legal causes of action for fraud, drainage, and lost profits which Hood asserted by counterclaim were incidental to or dependent upon the equitable issue, i.e. who had title to the deep rights. We must disagree.

In determining which issue is paramount, the court must look to "the character of the issues framed by the pleadings," *Howard v. Stanolind Oil & Gas Co.*, 197 Okla. 269, 169 P.2d 737 (1946), including issues arising by counter-claim. *Grace v. Hildebrandt*, 110 Okla. 181, 237 P. 98 (1925). The Court summarized this rule of law in its Syllabus to *Newbern v. Farris*, 149 Okla. 74, 299 P. 192 (1931), which reads:

"The character of an action is to be determined by the nature of the issues made by the pleadings and the rights and remedies of the parties, and not alone by the form in which the action is brought or by the prayer for relief ..."

---

**1.** On August 28, 1990, Art. 2, § 19 was amended by State Question No. 623, Legislative Referendum No. 277, to increase the amount in controversy to $1,500.00. Now, parties to civil actions involving $1,500.00 or less are not entitled to a jury trial.

The issues, rights and remedies of the parties in the case at bar, as set forth in the pleadings, primarily centered upon Hood's assertion of fraud in entering into the agreement which gave Amcana an assignment to drill a test well for gas below 7,400 feet under certain conditions. For this alleged fraud, Hood prayed for damages for lost profits from an inability to assign the deep rights to other drillers, drainage for minerals depleted from the deep rights by other operators in the area, and punitive damages. Although Hood requested relief in the form of a judgment quieting title to the deep rights, the legal actions were for damages resulting from actionable fraud.

Without question, Hood's action to quiet title was an issue of equitable cognizance. *Hudson v. Smith*, 171 Okla. 79, 41 P.2d 861 (1935); *Hester v. Watts*, 203 Okla. 97, 218 P.2d 641 (1950). The trial court reasoned the quiet title action was paramount because the court first had to find that Hood had title to the deep rights before determining whether Hood was entitled to damages for drainage and lost profits. However, this reasoning is flawed.

Under the assignment, Amcana had title to the deep rights while it contemplated further testing, and there was no time limit on how long Amcana had to "contemplate" further testing. The only way that Hood could establish title in himself was to convince the court that the language of the assignment was not binding upon him because of fraud in the inducement of the contract of assignment. Hence, Hood had to prove that Amcana fraudulently misled him to sign the agreement by orally promising to reassign the deep rights within one year. Only then would Hood be able to go outside the language of the assignment to show title in himself. Otherwise, the parol evidence rule would disallow any evidence of negotiations or oral promises made prior to execution of the assignment agreement. 15 O.S.1981, § 137; *Mercury Inv. Co. v. F.W. Woolworth Co.*, 706 P.2d 523 (Okla.1985). *See also Sautbine v. Keller*, 423 P.2d 447 (Okla.1966) (where the rights of parties are clearly defined by law, equity has no power to change or unsettle such

rights) and *Stebbins v. Lena Lumber Co.*, 89 Okla. 244, 214 P. 918 (1922) (in the absence of fraud, accident or mistake, a court of equity cannot change the terms of a contract).

■ After Amcana reassigned the deep rights to Hood, and the trial court dismissed Amcana's action, title was no longer the primary issue in the suit. The paramount issues then became whether Amcana committed fraud and whether Hood was entitled to damages as a result of any fraud. An action to recover damages for fraud is one at law, 76 O.S.1981, § 3, and the question of fraud must be proven, to the satisfaction of the jury, by clear and convincing evidence. *P.E.A.C.E. Corp. v. Oklahoma Natural Gas Co.*, 568 P.2d 1273 (Okla.1977).

■ Moreover, when a contract fails to specify the amount of time in which a party thereto must perform, contract law allows that party a reasonable time to so perform his obligations under the contract. 15 O.S. 1981, § 173; *Grayson v. Crawford*, 189 Okla. 546, 119 P.2d 42 (1941). What constitutes a reasonable time is a question to be determined from consideration of all the facts and circumstances in the case. Id. Since the assignment at issue failed to set a time limit for Amcana to contemplate further drilling, without a showing of fraud, Hood would necessarily have to show that Amcana took an unreasonable amount of time in evaluating whether to drill a deeper well. Reasonableness of the time period during which Amcana was contemplating further testing was a question of fact more properly suited to a jury. Hence, even under contract law, the trial court committed error in refusing Amcana's demand for jury trial.

The issue of sanctions imposed upon Amcana by the trial court is not raised in its Petition for Certiorari and, hence, will not be addressed in this opinion.

For the above and foregoing reasons, the opinion of the Court of Appeals is vacated, the judgment of the trial court is REVERSED and the cause REMANDED for

further proceedings consistent with this opinion.

OPALA, C.J., HODGES, V.C.J., and LAVENDER, HARGRAVE, SUMMERS and WATT, JJ., concur.

ALMA WILSON and KAUGER, JJ., concur in result.

## SUPPLEMENTAL OPINION ON REHEARING

SUMMERS, Justice:

Petitions for rehearing were filed by both Appellants and Appellees. Appellees' petition for rehearing is denied. Appellants' petition for rehearing is granted only for the limited purpose of addressing the question of attorney's fees.

■ In light of our decision as to the jury trial issue, we must consider the attorney's fees awarded by the trial court to Hood as the prevailing party. The attorney's fees award to Hood were awarded under both the quiet title action and the counterclaims. Amcana is not contesting the title to the deep rights on appeal. Thus, under 12 O.S.1991, § 1141, we find that those attorneys fees attributable to the quiet title action are properly recoverable by Hood. However, those attorneys fees attributable to the counterclaims may not yet be recovered by Hood. Our determination that the claims of fraud entitle Amcana to a jury trial leaves the suit with no prevailing party. The propriety of attorney's fees recoverable under 12 O.S. 1991 § 936 cannot be decided until there is a prevailing party. Hence, Hood may not recover at this time those attorney's fees attributable to the counterclaims.

Otherwise Appellants' Petition for Rehearing is denied.

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, HARGRAVE and WATT, JJ., concur.

KAUGER, J., concurs in result.

ALMA WILSON, J., dissents.

ALMA WILSON, dissenting to grant of rehearing:

I respectfully dissent to the grant of rehearing for the limited purpose of separating the attorney fees attributable to the quiet title from those attributable to the counterclaim for fraud damages. Appellants initiated this litigation in 1984 seeking to quiet title to the involved mineral interests. Appellees defended the quiet title and sought damages alleging fraud. Some three years later, on the eve of trial in April, 1987, appellants dismissed their quiet title claim, leaving only the fraud issues for trial. Up to the day of trial, the attorney services rendered in defense against the quiet title claim and the counterclaim for damages related to the fraud issues. That is, pre-trial attorney services to defend the quiet title and to pursue the damages counterclaim were inextricably interwoven and not subject to division.

The appellees sought attorney fees in the total amount of $132,924.37. The trial court awarded attorney fees in the amount of $105,000.00. Review of the record indicates that even if the attorney services rendered in the trial court on and after the day of trial were not taken into consideration, an attorney fee in the amount of $105,000.00 for defending the quiet title claim would be within the sound discretion of the trial court.

## ORDER

Appellants have filed a motion with this Court to cancel the supersedeas bond. We have granted Appellants' Petition for Rehearing for the limited purpose of clarifying our holding as to the award of attorney's fees. In light of our decision on rehearing that Appellant is still responsible for those attorney's fees attributable to the quiet title claim, APPELLANTS' REQUEST IS DENIED.

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, HARGRAVE, SUMMERS and WATT, JJ., concur.

KAUGER, J., concurs in result.

WILSON, J., dissents.