1998 OK 68

**MIDWEST LIVESTOCK SYSTEMS, INC., a/k/a Midwest Livestock Systems Western, Inc., Appellant,**

v.

**Kari Mark LASHLEY and Deborah Lashley, Appellees.**

No. 88837.

Supreme Court of Oklahoma.

July 7, 1998.

Rehearing Denied Sept. 10, 1998.

Paula Ranallo Wilburn, Wright, Stout & Fite, Muskogee, Oklahoma, for Appellant.

Jeff Stone, Shearer, Templer & Pingel, West Des Moines, Iowa, for Appellant.

Belva Brooks Barber, Barber & Barber, Poteau, Oklahoma, for Appellee.

Lawrence A.G. Johnson, Tulsa, Oklahoma, for Appellee.

HODGES, J.

¶ 1  The dispositive issue in this appeal is whether there can be more than one prevailing party entitled to a statutory award of attorney fees.  Under the circumstances of this matter the opposing parties are entitled to recover their attorney fees from each other.

¶ 2  Appellant, Midwest Livestock Systems, Inc. (Owner), contracted with Appellees, Karl and Deborah Lashley (Contractor), to build a hog containment facility.  A dispute arose as to whether the construction work conformed to the plans.  Owner stopped payment.  Contractor quit working and filed a mechanics lien for $110,304.75, the amount due on the contract.  Owner filed a demand for arbitration, claiming damages of $475,000.00.  Contractor also demanded arbitration claiming the $110,304.75 in damages.

¶ 3  During arbitration, both Owner and Contractor sought an award of attorney fees citing the Oklahoma Statutes, title 12, section 936 (contract for labor and services),[1] title 12, section 939 (breach of express warranty),[2] and title 42, section 176 (mechanics lien).[3]  Each of these statutes provides for prevailing party attorney fees.[4]

¶ 4  The arbitrator awarded Owner $99,-722.00 on its claim for breach of contract, defects, and other related matters.  Contractor was awarded $110,304.75, the amount of the lien.  Further, the arbitrator awarded Owner's attorney fees in the amount of $36,-

---

1.  Title 12, section 936, states:

In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

2.  Title 12, section 939, states:

In any civil action brought to recover damages for breach of an express warranty or to enforce the terms of an express warranty made under Section 2–313 of Title 12A of the Oklahoma Statutes, against the seller, retailer, manufacturer's representative or distributor, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, which shall be taxed and collected as costs.

3.  Title 42, section 176, states:

In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action.

4.  Although the parties' contract did not provide for an arbitration award of attorney fees, both parties agreed to allow the arbitrator to award attorney fees pursuant to these three statutes.

883.96 and denied Contractor's claim for attorney fees in the amount of $35,880.00.

¶ 5 The district court confirmed the arbitration award, refusing to modify, vacate, or correct it. The Court of Civil Appeals affirmed the award of attorney fees to Owner. It held that there can be only one prevailing party and that Owner prevailed because it successfully reduced the contract price as measured by the damages incurred.

¶ 6 On certiorari, Contractor seems to agree that there can only be one prevailing party for purposes of an award of attorney fees. Contractor claims, however, that *it* is the prevailing party because its arbitration award was $110,000.00 while Owner's was $99,000.00. In support of this argument, Contractor cites *Quapaw Co. v. Varnell*, 566 P.2d 164 (Okla.Ct.Civ.App.1977), wherein the Court of Civil Appeals held that it is the party with the most points at the end of the case who prevails for purposes of an award of attorney fees. *Id.* at 167. But in *Quapaw*, only one party, the plaintiff, recovered a money judgment. This Court, on the other hand, has addressed the prevailing party question on facts very similar to the present case.

¶ 7 *Welling v. American Roofing Co.*, 617 P.2d 206 (Okla.1980), resolved a dispute between the owners of a house and a roofing subcontractor. The roofer's failure to properly install a roof caused rain damage to the homeowners' property. The homeowners refused to pay for the roof and the roofer filed a lien. The homeowners filed an action, claiming that the lien was not timely filed. The roofer counterclaimed to foreclose the lien or to recover under the theory of unjust enrichment. The trial court entered judgment for the roofer for $2,700.00, the amount of its lien. It also entered judgment for the homeowners in the amount of $1,188.46 for the rain damage caused by the roofer's faulty workmanship.

¶ 8 On appeal, this Court held the mechanic's lien to be untimely. Thus, the homeowners prevailed on the lien claim. However, this Court also held that the roofer was entitled to damages under its theory of unjust enrichment. This Court also held that *both* the homeowners and the roofer were prevailing parties and thus entitled to attorney fees. The homeowners had prevailed on their lien claim and were entitled to attorney fees under title 42, section 176. Roofer was entitled to attorney fees under title 12, section 936 because it prevailed on its theory of unjust enrichment.

¶ 9 As in *Welling* both Owner and Contractor in the present case prevailed.[5] Owners prevailed on the breach of contract claim while Contractor prevailed on its lien. Under the holding of *Welling*, Owner should recover attorney fees from Contractor and Contractor should recover attorney fees from Owner. Consequently, the Court of Civil Appeals erred in determining that Contractor was not entitled to an award of attorney fees.

¶ 10 The opinion of the Court of Civil Appeals is vacated and this case is remanded to the district court. On remand, the district court shall determine and award the reasonable[6] amount of the arbitration-related attorney fees and appeal-related attorney fees incurred by Owner and Contractor.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; TRIAL COURT REVERSED AND CAUSE REMANDED WITH DIRECTIONS.

¶ 11 SUMMER, V.C.J., HODGES, LAVENDER, HARGRAVE, OPALA, WILSON, JJ., concur.

¶ 12 KAUGER, C.J., SIMMS, WATT, JJ., concur in result.

---

5. *See also Smith v. Jenkins*, 873 P.2d 1044 (Okla. 1994), where this Court found that both the plaintiff and defendant were prevailing parties on their claims for property damage arising from an automobile accident. Because each was found to be 50% negligent, both were entitled to attorney fees.

6. The record on appeal does not indicate that the district court determined that the arbitrator's attorney fee award to Owner, in the amount of $36,883.96, was reasonable.