2005 OK 82

**TOMAHAWK RESOURCES, INC., Appellee,**

v.

**Don L. CRAVEN and Ingeborg Craven, Appellants,**

and

**United States of America ex rel., Small Business Administration, Defendant.**

No. 100,437.

Supreme Court of Oklahoma.

Nov. 15, 2005.

Robert A. Clark, Clark & Rockett, P.C., Oklahoma City, OK, for Appellants.

David A. Poarch, Gregory T. Tontz, Norman, OK, for Appellee.

HARGRAVE, J.

¶ 1 Plaintiff/appellee Tomahawk Resources, Inc. (Tomahawk), sued defendants/appellants Cravens (Cravens) on a residential construction contract and for foreclosure of its mechanic's lien. Cravens counterclaimed for breach of contract, among other claims. After jury trial, the jury rendered a verdict for Tomahawk for $47,798.20, the full amount of its mechanic's lien. The jury also rendered a verdict for the Cravens on their breach of contract claim, awarding damages in the amount of $17,798.20. An agreed journal entry of judgment was entered that: 1) reflected the jury verdicts for both parties, 2) offset the $17,798.20 awarded to the defendants against the $47,798.20 awarded to the plaintiff, and 3) ordered that after proper offsets, plaintiff have and recover from defendants the sum of $30,000.00.

¶ 2 Both parties sought attorneys fees as prevailing parties on their claims. The trial judge awarded attorney fees only to Tomahawk, ruling that plaintiff was the prevailing party in the breach of contract action and for foreclosure of its mechanic's lien. The Cravens appealed the award of attorney fees only to Tomahawk, arguing that under previous opinions of this Court, they were entitled to prevailing party attorney fees as well. They also appealed the award of costs and prejudgment interest to Tomahawk. The Court of Civil Appeals affirmed the trial court. The defendants/appellants filed a petition for certiorari.

¶ 3 Because the Court of Civil Appeals' opinion is in conflict with two prior opinions of this Court, *Midwest Livestock Systems v. Lashley*, 1998 OK 68, 967 P.2d 1197 and *Welling v. American Roofing & Sheet Metal Co., Inc.*, 1980 OK 131, 617 P.2d 206, we granted certiorari.

¶ 4 The circumstances in the case at bar are virtually identical to *Midwest Livestock Systems, Inc. v. Lashley*, 1998 OK 68, 967 P.2d 1197. That case held that there can be more than one prevailing party entitled to a statutory award of attorney fees, and that, under the circumstances of that case, the opposing parties were entitled to recover their attorney fees from each other. In *Lashley*, the plaintiff contractor prevailed on foreclosure of its mechanic's lien in the amount of $110,000. The defendant owner prevailed on his breach of contract claim in the amount of $99,000. This Court held that each of the parties was entitled to an attorney fee based on prevailing party status.

¶ 5 In *Welling v. American Roofing & Sheet Metal Co., Inc., supra*, the contractor did not prevail on his lien enforcement claim, but was found to be entitled to recover under the theory of unjust enrichment. Both parties were held to be entitled to attorney fees as prevailing parties: the defendant for successfully defending against the mechanic's lien foreclosure and the plaintiff for prevailing on the theory of unjust enrichment. We observed that two statutes supported the awards of attorney fees: 42 O.S. § 176 and 12 O.S. § 936.[1]

¶ 6 In the case at bar, both plaintiff and defendants were prevailing parties on their claims: Tomahawk for foreclosure of its

---

1. The text of 42 O.S. 176 is set out in ¶ 9; the text of 12 O.S. § 936 is set out in ¶ 7.

mechanic's lien and the Cravens on their breach of contract counterclaim. We reject plaintiff's argument that because the journal entry gave *judgment* only to Tomahawk, the Cravens are not "prevailing" parties. This Court, in *Welling, supra,* offset the awards after finding that both parties prevailed on their claims. In that case we held that the defendant was entitled to an *in personam* judgment of $2,700, less plaintiffs' setoff of $1,188.4 for unworkmanlike construction, for a total judgment for defendant in the amount of $1,511.54.

¶ 7 Further, 12 O.S. § 936, does not require that a formal judgment be entered in favor of the prevailing party. Title 12 O.S. § 936 provides for the allowance of attorney fees to the prevailing party on the actions enumerated therein:

> "In any civil action to recover for labor or services, rendered, or on an open account, a statement of account, account stated, note, bill negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

¶ 8 The word "judgment" is not used in section 936. The only requirement is that the party prevail in an action enumerated in the statute. Here, the Cravens prevailed on their claim for breach of contract and are entitled to attorney fees under 12 O.S. § 936.

¶ 9 Tomahawk prevailed on its lien claim and was entitled to attorney fees under Oklahoma's lien statute, 42 O.S. § 176, which provides for an award of attorney fees to the party for whom judgment is rendered:

> "In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

■ ¶ 10 We find that the trial court erred in awarding attorney fees solely to Tomahawk. The Cravens were also entitled to attorney fees as prevailing parties. The petition for certiorari sought review only of the trial court's decision to award prevailing party attorney fees only to Tomahawk. The petition for certiorari does not take issue with the amount of the attorney fee awarded to Tomahawk, the costs or prejudgment interest. Issues not presented in the petition for certiorari will not be considered. *Hough v. Leonard,* 1993 OK 112, 867 P.2d 438.

¶ 11 The trial court's order is affirmed in part and reversed in part. The denial of prevailing party attorney fees to the Cravens is reversed; the award of attorney's fee, costs and prejudgment interest to Tomahawk is affirmed. The Court of Civil Appeals' opinion is vacated and the cause is remanded to the district court for determination at an adversarial hearing of the amount of reasonable attorney fees to be awarded to the appellants.

¶ 12 The appellants and the appellee have asked for appeal-related attorney fees, which are granted. The cause is remanded to the district court for determination of reasonable appeal-related attorney fees incurred by the appellants and the appellee for services rendered on appeal.

**CERTIORARI GRANTED PREVIOUSLY; THE OPINION OF THE COURT OF CIVIL APPEALS IS VACATED; THE TRIAL COURT IS AFFIRMED IN PART, REVERSED IN PART; CAUSE REMANDED WITH DIRECTIONS.**

¶ 13 CONCUR: WINCHESTER, V.C.J., LAVENDER, OPALA, KAUGER, EDMONDSON, TAYLOR, COLBERT, JJ.

¶ 14 CONCUR BY REASON OF STARE DECISIS: WATT, C.J.

Supplemental Opinion on Rehearing

TAYLOR, J.

¶ 1 Both Tomahawk Resources, Inc. and the Cravens have filed a petition for rehearing. Generally, rehearing is granted: (1) to correct an error or omission, *see Sooner Federal Savings and Loan Ass'n v. Mobley,* 1981 OK 124, 645 P.2d 1000, supp. op. ¶¶ 1–11, 645 P.2d 1000, 1003–04; *Davis v. Fieker,* 1997 OK 156, 952 P.2d 505, supp. op. ¶ 1, 952 P.2d 505, 516–17; *Sharp v. Tulsa,* 1994 OK 104,

890 P.2d 836, supp. op. ¶ 3, 890 P.2d 836, 846; *I.C. Gas Amcana, Inc. v. Hood,* 1992 OK 119, 855 P.2d 597, supp. op. ¶ 2, 855 P.2d 597, 601; (2) to address an unresolved jurisdictional issue, *see Sholer v. State ex rel. Dept. of Pub. Safety,* 1995 OK 150, supp. op. ¶ 3, 945 P.2d 469, 478; or (3) to clarify the opinion, *see City of Oklahoma City v. State ex rel. Okla. Dept. of Labor,* 1995 OK 107, 918 P.2d 26, supp. op. ¶ 1, 918 P.2d 26, 31. Rehearing is not for rearguing a question which has been previously presented and fully considered by this Court. *See Draper v. State,* 1980 OK 117, 621 P.2d 1142, supp. op. ¶¶ 1–2, 621 P.2d 1142, 1147. Likewise, it is not for presenting points which the losing party overlooked, misapprehended, or failed to fully address.

¶ 2 In its petition for rehearing, Tomahawk argues the same issue addressed in its brief, even though in a more developed manner, and resolved by this Court's opinion. Tomahawk presents nothing in its petition for rehearing that it could not have presented in its brief. Therefore, Tomahawk's petition for rehearing should be denied.

¶ 3 The Cravens' petition for rehearing asserts that this Court's opinion failed to address their quest for trial-related costs, which they argue were properly raised in the trial court and preserved for appellate review in the petition in error and the petition for certiorari. *See Markwell v. Whinery's Real Estate,* 1994 OK 24, ¶ 8 & n. 9, 869 P.2d 840, 843 & n. 9. In its response to the petition for certiorari, Tomahawk states this cost issue was missing from the petition for certiorari. Tomahawk's statement is not determinative. In reviewing the petition for certiorari, we find that the Cravens sufficiently preserved the issue for our review. *Id.*

¶ 4 Unlike title 12, section 936, which allows a prevailing party to recover attorney fees, title 12, section 928 allows costs to the plaintiff upon a favorable judgment. Section 928 provides:

> Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific, real or personal property.

Here the Cravens are the plaintiffs on the counterclaim, satisfying section 928's first requirement. We next turn to section 928's second requirement: whether the Cravens were given judgment on their counterclaim within the meaning of section 928.

¶ 5 In construing a statute, the legislative intent controls. *Villines v. Szczepanski,* 2005 OK 63, ¶ 9, 122 P.3d 466, 470–71. Generally, the plain language of a statute dictates its meaning. *McNeill v. City of Tulsa,* 1998 OK 2, ¶ 9, 953 P.2d 329, 332. However, it is proper and sometimes necessary to consider the history to accurately understand the legislative policy underlying a statute. *Id.* This Court will look at the particular problem the statue was intended to address. *Christian v. Shideler,* 1963 OK 129, ¶ 10, 382 P.2d 129, 132. This Court will not adopt a construction which defeats the legislative intent as shown by other related enactments. *See McNeill,* 1998 OK 2, ¶ 9, 953 P.2d at 332.

¶ 6 An understanding of title 12, section 696.1 is necessary to discerning the legislative intent underlying section 928. Since at least 1909, section 928 of title 12 has been in effect, as has section 696.1 of title 12. *See* Comp. Laws of Okla. §§ 5931, 6115 (1909). Even though the legislature repealed section 696.1 in 1993 and left section 928 unchanged, section 696.1 impacts our analysis as part of section 928's history. 1993 Okla. Sess. Laws 2053 (ch. 351, § 29); *see* 12 O.S.2001, § 928.

¶ 7 The now repealed title 12, section 696.1 provided:

> When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless it is special, or the court order the case reserved for future argument or consideration.

Under section 696.1, a judgment on a general unreserved jury verdict was rendered by operation of law. *Rodgers v. Higgins,* 1993 OK 45, ¶ 12, 871 P.2d 398, 404 (holding limited).[1] A party receiving an unreserved verdict was entitled to a favorable entry of judgment the

---

1. The dispositive issue in *Rodgers* was what event started the appeal time. The precedential effect of the holding on this issue was superseded by the 1993 repeal of title 12, section 696.1 and enactment of title 12, section 696.2.

day the verdict was returned and accepted without reservation. *Id.*

¶8 We examine the journal entry of judgment in light of section 928's history. The journal entry of judgment recites that a verdict was rendered in favor of the Cravens on their counterclaim. Before 1993 and by operation of law, this favorable unreserved verdict would have resulted in an entry of judgment in the Cravens' favor. Before 1993, the legislative intent behind and plain language of section 928 would have resulted in the Cravens being entitled to recover their trial-related costs. This legislative intent is unchanged by the repeal of section 696.1 in 1993. The Cravens' jury verdict on their counterclaim brings them within the terms of section 928 for the purposes of recovering costs. We find that the trial court erred in denying the Cravens' application to recover trial-related costs.

¶9 The appellants' petition for rehearing is granted. The denial of trial-related costs to the Cravens is reversed. In addition to recovering their attorney fees, the Cravens are entitled to their trial-related costs apportioned to those **taxed in successfully litigating their counterclaim** and to their appeal-related costs. The appellee's petition for rehearing is denied. On remand, the trial court shall enter an order consistent with this opinion.

WATT, C.J., WINCHESTER, V.C.J., LAVENDER, OPALA, EDMONDSON, TAYLOR, JJ., concur.

HARGRAVE, KAUGER, COLBERT, JJ., concur in result.