GENERAL ELECTRIC CREDIT CORPO-
RATION, Plaintiff in Error,

v.

FIRST NATIONAL BANK OF BROKEN
ARROW, Defendant in Error.

No. 42510.

Supreme Court of Oklahoma.

Sept. 8, 1970.

Rehearing Denied Sept. 28, 1970.

Elder & Scott, Tulsa, for plaintiff in error.

Park & Tawney, Broken Arrow, for defendant in error.

HODGES, Justice.

In a replevin and foreclosure action the intervenor (General Electric Credit Corporation) was adjudged to have a prior and superior lien and was awarded possession of a television set, but complains on appeal that the trial court erred in refusing to require the plaintiff (First National Bank of Broken Arrow) to pay them an attorney's fee as provided under 42 O.S.1961, § 176.

A summary of the facts are as follows: Bob and Betty Winningham purchased a television set from a Tulsa appliance store and executed a conditional sales contract. On the same day, the conditional sales contract was assigned to the General Electric Credit Corporation. It was timely filed and recorded. Approximately 18 months later the Winninghams executed a promissory note and security agreement to the First National Bank of Broken Arrow which granted a security interest on certain personal property including the above referred to television set.

Upon default in payment of the note, the First National Bank of Broken Arrow filed a replevin suit against the Winninghams. The Bank obtained possession of the television and then filed a Motion to foreclose its lien.

The Winninghams filed for bankruptcy and did not answer or contest the replevin action. The Trustee in Bankruptcy disclaimed all interest in the television set.

Thereafter, the General Electric Credit Corporation filed a Motion for Leave to

Intervene, which was allowed by the trial court. In its "Plea in Intervention", General Electric claimed an interest in the television by virtue of their above mentioned conditional sales contract and alleged their lien was prior to the note and security agreement of the plaintiff bank. No reply or denial to the Plea in Intervention was filed by the plaintiff bank.

Subsequently, a hearing was conducted by the trial court upon plaintiff's Motion for Foreclosure with plaintiff and intervenor appearing by their attorneys. The Winninghams did not appear in person or through counsel. The trial court found the Intervenor had a first and prior lien on the television set and entered an order to that effect. A request by the Intervenor for attorney fees against the plaintiff bank was denied. From this denial of attorney fees against the plaintiff bank, the Intervenor appeals on the original record and presents this issue as the sole question for review.

Title 42 O.S.1961, Section 176, provides:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

Intervenor relies on our recent interpretation of the above statute in Ivey v. Henry's Diesel Service, Okl., 418 P.2d 634, as controlling and decisive of the present case. There the plaintiff brought an action to replevin a tractor and trailer and to foreclose a chattel mortgage thereon, which had been executed as security for a promissory note. The mortgagor did not answer or make an appearance. The remaining defendant was a garageman who at the request of the mortgagor had towed the tractor and trailer to his place of business and did some repair work. The defendant garageman refused to surrender possession of the tractor and trailer claiming a lien for towing, storage and repair work. Upon suit being filed against him he filed an answer and cross-petition asserting his lien. The superiority of his claim was challenged by the plaintiff and a trial resulted. The case was tried before a jury, and at the close of the evidence, the trial court directed a verdict against the plaintiff and assessed an attorney fee. In approving the trial court's assessment of an attorney fee against the plaintiff based upon the above statute, supra, the court said:

"In a replevin action where the plaintiff and defendant each affirmatively assert a first lien on the property and claim right of possession, the party for whom judgment is rendered is entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

The distinguishing feature in the Ivey case is that both lienholders affirmatively asserted their lien against the other. Their separate and conflicting claims, formed a basis for a controversy between them that necessitated a judicial hearing and determination. In our case, the record does not show that the plaintiff bank affirmatively asserted its lien against the intervenor.

In filing its replevin and foreclosure action, plaintiff was not attempting to enforce its lien against the intervenor's prior lien. Plaintiff's action was against the principal debtors (Winninghams) whose payments were in default on the conditional sales contract. The record does not support intervenor's argument that plaintiff bank claimed a first lien superior to the intervenor's lien or that the plaintiff bank affirmatively resisted their prior lien. Intervenor's rights were never challenged. Under such facts, it can hardly be said that plaintiff bank and intervenor were adversaries seeking a judicial hearing and determination of conflicting claims as in the Ivey case, supra.

We find the trial court was correct in denying intervenor's claim for attorney fees.

Judgment affirmed.