James A. BOWLES, Receiver, Appellee,

v.

CITY NATIONAL BANK and Trust Company of Oklahoma City, Oklahoma, a National Banking Corporation, Appellant.

No. 49454.

Court of Appeals of Oklahoma, Division No. 1.

March 22, 1977.

Rehearing Denied April 26, 1977.

Certiorari Denied June 1, 1977.

Released for Publication by Order of Court of Appeals June 2, 1977.

Eagleton, Nicholson & Pate, Oklahoma City, for appellee.

Hamilton & Lambert by Don E. Hamilton, Oklahoma City, for appellant.

ROMANG, Judge:

The question on this appeal is whether the Bank, as the prevailing party in the first appeal of this case, should be allowed a reasonable attorney fee to be set by the trial court and taxed and collected as costs as provided by 12 O.S.1971, § 936.

On March 21, 1972, Federal National Bank and Trust Company initiated a lawsuit for the recovery of $157,500.00 from Pre-Fab Enterprises, Inc. and two of that corporations' associates. During the course of that litigation, it developed that Pre-Fab had made an assignment for the benefit of creditors; whereupon the trial court appointed James A. Bowles as the Receiver of Pre-Fab Enterprises, Inc.

In the course of the performance of his duties, the Receiver learned of the existence of two promissory notes in the amount of $200,000.00 each, and that the notes had been executed by T. H. Arter and Lakeside Plumbing, Inc., and T. H. Arter and Lakeside Heating and Air Conditioning, Inc. On June 2, 1972, the Receiver instituted separate actions on these two promissory notes. One was against T. H. Arter and Lakeside Heating and Air Conditioning, Inc., and the other was against T. H. Arter and Lakeside Plumbing, Inc. These two cases were consolidated for trial.

During the course of these cases, the Receiver deposed T. H. Arter and learned that Arter had negotiated a "pick up" with City Bank of the two notes on which Receiver was basing the actions against Arter. Thereafter, upon the Receiver's application, the City National Bank and Trust Company of Oklahoma City was made an additional party defendant.

The Receiver and the Bank filed opposing motions for summary judgment. The trial court granted Receiver's motion and denied the Bank's motion.

The trial court Journal Entry of Judgment reads in part:

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion of plaintiff James A. Bowles, Receiver for a summary judgment in his favor against defendant City National Bank and Trust Co. of Oklahoma City is granted in the amount of $207,500.00 as stated in the Memoranda Opinion, together with interest at 8½% per annum from October 19, 1971 in the sum of $23,124.71 for a total judgment of principal and interest in the amount of $230,624.71, and interest at 10% hereafter as provided by law.

2. The Court further finds that plaintiff is entitled to a reasonable attorney's fee which is found to be 10% of the amount of principal and interest as agreed in the Note of Pre-Fab Enterprises, Inc. to the Federal National Bank & Trust Co. of Shawnee dated June 21, 1971 in the sum of $23,062.47.

The Bank appealed from that judgment, and the Receiver cross-appealed. Finally, in the case of *Bowles v. City Nat. Bank & T. Co. of Oklahoma City*, 537 P.2d 1219 (Okl.Cr.App.1975), the Bank prevailed, and the opinion therein read:

We reverse the trial court and remand the cause with directions to vacate the summary judgment entered for Receiver and vacate the judgment discharging Ar-

ter from further liability on the two $200,000 notes; sustain City Bank's motion for summary judgment; order the notes returned to City Bank; and for such other proceedings as may be required.

Upon remand of this case, the Bank filed an application in the trial court for the allowance of a reasonable attorney's fee pursuant to 12 O.S.1971, § 936. The Bank also filed a Motion to Tax Costs and attached an Affidavit in support thereof.

On February 13, 1976, the trial court entered judgment pursuant to the above quoted directions in *The Bowles* case. The Journal Entry of Judgment reads in part:

(11) On February 13, 1976, a minute was entered by the Court:

By reason of the uselessness of awarding Bank attorney fees against the Court-appointed Receiver of an assetless estate where such Bank has successfully defended the suit against judgment on notes providing for attorney fees for the plaintiff if placed in the hands of an attorney for collection, request overruled, exceptions allowed, for this and other good cause, as per J.E.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT that:

. . . . .

(3) The Motion for Summary Judgment of City National Bank and Trust Company of Oklahoma City, Oklahoma, filed December 29, 1972, is hereby sustained;

. . . . .

(6) The Application filed herein July 9, 1975, by the Defendant, City National Bank and Trust Company of Oklahoma City, Oklahoma, for reasonable attorney fees to be taxed as costs and for the reimbursement of out-of-pocket expenses is hereby denied, . . . .

The Bank's Motion for Summary Judgment, which was thereby sustained, reads:

. . . [T]hat it (*the Bank*) *is entitled to judgment* in its favor against the Plaintiff and *for costs expended herein and attorney's fees.* (Emphasis supplied.)

Thus the trial court's denial of an attorney fee is inconsistent with the sustaining of the Bank's Motion for Summary Judgment.

On this appeal, the Bank first contends that it is entitled to an attorney's fee pursuant to 12 O.S.1971, § 936, which provides:

In any civil action to recover on . . a . . . note, bill, negotiable instrument, . . . the prevailing party shall be allowed a reasonable attorney fee . . . to be taxed and collected as costs.

Each of the consolidated cases was a suit to recover on a promissory note, and the judgment rendered against the Bank in the trial court was based upon the terms and the balance due on a promissory note. The Bank having been made a party, is entitled as a prevailing party, to recover a reasonable attorney fee to be set by the trial court and to recover all allowable court costs.

The judgment denying an attorney fee and court costs to the Bank is reversed. This case is remanded with direction to hold an evidentiary hearing on the question of a reasonable attorney fee to be allowed the Bank, which shall be set by the trial court and taxed and collected as costs, and to grant the Bank judgment for all allowable costs it has expended in this action. See *Nat'l Educ. Life Ins. Co. v. Apache Lanes, Inc.*, 555 P.2d 600 (Okl.1976).

REVERSED AND REMANDED WITH DIRECTIONS.

BOX, J., concurring.