**FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Penn Square Bank, N.A., Plaintiff-Appellee,**

v.

**Russell V. LUGLI; Lugli Enterprises; Feature Homes, Inc.; I.C.I. Service Corporation; Northwestern Consultants, Inc., Defendants-Appellants.**

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Penn Square Bank, N.A., Plaintiff-Appellee,**

v.

**Patrick D. DOYLE, as Custodian for Nikki S. Lugli and Todd Lugli, Defendant-Appellant.**

Nos. 86–1564, 86–1930.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 1987.

Decided March 31, 1987.

Christopher G. Costin, Santa Rosa, Cal., for defendants-appellants.

Aaron M. Peck, Terry O. Kelly, Theresa A. Kristovich, Los Angeles, Cal., for plaintiff-appellee.

Before SCHROEDER, WIGGINS and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

The Federal Deposit Insurance Corporation ("FDIC"), as receiver for Penn Square Bank, brought this action against Russell V. Lugli and four closely-held corporations (collectively "Lugli") to recover the unpaid balances of promissory notes. Following a jury trial, the district court entered judgment for the FDIC, and awarded it $2,174,-046.94 on the notes and $160,388.94 in attorney fees. The FDIC did not prevail, however, on its claim against Patrick Doyle, who signed one of the notes as custodian for Lugli's minor children. At trial, Doyle established that this note had been replaced by one of Lugli's notes. The district court did not award attorney fees to either party on the Doyle note. On appeal, Lugli contends the district court's jury instructions on novation were erroneous, and that it erred in refusing to give novation instructions which he requested. Doyle contends the district court erred in denying his request for attorney fees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### FACTS

Lugli borrowed money from Penn Square Bank to purchase partnership interests in oil and gas exploration ventures. Casey-Foss, Inc. acted as Lugli's broker. Lugli later became dissatisfied with the investments. Casey-Foss agreed to buy the partnership interests from Lugli and replace Lugli as obligor on the Penn Square Bank promissory notes. It was agreed that Lugli would assign the partnership interests to Casey-Foss, and Casey-Foss would execute new notes in favor of the Bank. The Casey-Foss notes were to be secured by the partnership interests. The Bank agreed to this transaction.

Casey-Foss then signed and delivered new notes to the Bank. The Bank entered "0" as the balance due on the Lugli notes. It did not, however, mark the Lugli notes "paid", nor did it return the notes to Lugli, as was its usual practice when a note obli-

gation was discharged. Before the documents assigning the partnership interests from Lugli to Casey-Foss were prepared, the Bank was closed by order of the Controller of the Currency. Casey-Foss never signed the assignment documents. The Bank never received documents it required to collateralize the Casey-Foss notes. The FDIC, as receiver for the Bank, demanded that Lugli pay the balance due on the notes. Lugli refused, contending that his obligation had been discharged by novation, and that Casey-Foss, not Lugli, was indebted to the Bank. The FDIC then brought this action.

## JURY INSTRUCTIONS

Lugli contends the district court's jury instructions on novation were inadequate because they failed to provide the jury with information necessary for it to decide whether the parties had entered into a "novation agreement." He also argues that the jury should have been given additional instructions on novation. He contends these additional instructions were necessary to enable the jury to "distinguish the issue of whether a novation agreement had been *made* from the issue of whether a novation agreement had been *performed.*" (Appellants' Opening Brief at 15) (emphasis in original).

### A. *Standard of Review*

We review the sufficiency of jury instructions to determine whether, viewed as a whole, they were misleading or inadequate. *Lewy v. Southern Pacific Transportation Co.,* 799 F.2d 1281, 1287 (9th Cir.1986). We must consider whether the challenged instructions state the law incorrectly to the prejudice of the objecting party. *Kisor v. Johns-Manville Corp.,* 783 F.2d 1337, 1340 (9th Cir.1986). The trial court is given substantial latitude in giving jury instructions. If the issues are fairly presented, the court has broad discretion regarding the precise wording of the instructions. *Carvalho v. Raybestos-Manhattan, Inc.,* 794 F.2d 454, 455 (9th Cir. 1986). "A court is not required to use the exact words proposed by a party, incorpo-rate every proposition of law suggested by counsel or amplify an instruction if the instructions as given allowed the jury to determine intelligently the issues presented." *Roberts v. Spalding,* 783 F.2d 867, 873 (9th Cir.) (quoting *Los Angeles Memorial Coliseum Commission v. National Football League,* 726 F.2d 1381, 1398 (9th Cir.), *cert. denied* 469 U.S. 990, 105 S.Ct. 397, 83 L.Ed.2d 331 (1984)), *cert. denied,* — U.S. ——, 107 S.Ct. 399, 93 L.Ed.2d 352 (1986).

Refusal to give a requested instruction, when other instructions on the subject have been given, is reviewed for an abuse of discretion. *See Taylor v. Burlington Northern Railroad Co.,* 787 F.2d 1309, 1314 (9th Cir.1986); *see also United States v. Hayes,* 794 F.2d 1348, 1351 (9th Cir.1986) (criminal case); *Gauthier v. AMF, Inc.,* 788 F.2d 634, 635 (9th Cir.1986) (refusal to give proposed instructions an abuse of discretion). *But cf. United States v. Scott,* 789 F.2d 795, 797 (9th Cir.1986) (denial of requested instructions on criminal defenses reviewed de novo where availability of defenses is a question of law).

### B. *The Novation Instructions*

The district court gave the following jury instructions on novation:

> The primary issue in this case is the issue of novation. On this issue, the defendants have the burden of proof.

> . . . . .

> In this action, defendants have claimed that there was a novation of the agreements between Penn Square Bank and [Lugli], and that such defendants' obligations to Penn Square Bank were assumed by Casey-Foss, Inc. The requisites of a novation are (1) previous valid obligations, (2) an agreement of all the parties to a new contract, (3) the extinguishment of the old obligation, and (4) the validity of the new one.

> Those are the elements. Now, in order to sustain its burden of proof that there was a novation and that the defendants' obligations on the promissory notes to Penn Square Bank were replaced by the obligation of Casey-Foss, Inc., the de-

fendants must prove each and every one of these separate elements. In this case, the plaintiff stipulates that the previous obligations were valid. Accordingly, the defendants must show, by a preponderance of the evidence, that there was:

(1) an agreement between Penn Square Bank, defendant Lugli and Casey-Foss, Inc., that Casey-Foss, Inc. would assume each of the promissory notes executed by [Lugli];

(2) that the old obligation to Penn Square Bank was extinguished; and,

(3) that a valid obligation of Casey-Foss, Inc. was created.

Unless you find that each and every one of the above elements has been proven by defendants by a preponderance of the evidence, you cannot find that there was a novation.

■ These instructions correctly set forth the elements of novation under Oklahoma law.[1] A novation requires (1) the existence of an obligation; (2) the commitment of the obligor and obligee to a new, valid contract; and (3) mutual assent to the extinguishment of the original obligation. See e.g., *Tulsa Ice Co. v. Liley*, 157 Okl. 86, 10 P.2d 1090 (1932); *Martin v. Leeper Bros. Lumber Co.*, 48 Okl. 219, 149 P. 1140 (1915); *American Bank of Commerce v. Boger-Hare Mfg. Co.*, 633 P.2d 1270, 1272 (Okla.Ct.App.1981). *See also Williams Petroleum Co. v. Midland Cooperatives, Inc.*, 679 F.2d 815, 819 (10th Cir.1982).

■ Lugli's proposed instructions, which the court refused to give, dealt with failure to perform an agreement (No. 33D), repudiation of an agreement (No. 34B), and prevention of performance under an agreement (No. 34C). These instructions implied that the FDIC's claims against Lugli could be defeated by establishing only one of the elements of novation, the agreement. This might be true if the parties agreed that making the agreement, without the occurrence of any other event, extinguished the old obligation and created the new one. This question, however, is one of fact for the jury. *See Capital Nat'l Bank of Tam-*

*pa v. Hutchinson*, 435 F.2d 46 (5th Cir. 1970); *Olympic Finance Co. v. Thyret*, 337 F.2d 62, 66 (9th Cir.1964) (whether novation exists depends on the facts of the case), *cert. denied*, 380 U.S. 963, 85 S.Ct. 1106, 14 L.Ed.2d 153 (1965). The jury's verdict resolved the question, and there is no contention that the verdict is not supported by substantial evidence.

We conclude that the district court's instructions on novation were sufficient. The court did not abuse its discretion by refusing to give Lugli's requested additional instructions.

## DOYLE'S CLAIM FOR ATTORNEY FEES

### A. Timeliness of the Application

The FDIC contends that Doyle's application for attorney fees was not timely under Northern District Local Rule 270-1, which provides that applications for attorney fees must be filed "within 60 days of entry of judgment terminating the action with respect to which the services were rendered." *See VISA International Service Ass'n v. Bankcard Holders of America*, 784 F.2d 1472, 1476 (9th Cir.1986).

■ Although judgment was entered on November 15, 1985, the defendants' timely motion for a new trial was not denied until December 20, 1985. Doyle's application for attorney fees was filed less than 60 days later, February 6, 1986. The motion for new trial tolled the commencement of the time for filing Doyle's application for attorney fees. As we construe Northern District Local Rule 270-1, the time for filing this application did not begin to run until entry of the order denying the new trial motion. *See* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2812 at 85 (1973) (a timely motion for new trial suspends the finality of the judgment). *Cf. McQuiston v. Marsh*, 790 F.2d 798 (9th Cir.1986) (under 1985 amendment to Equal Access to Justice Act, time to file application for fees begins to run when judgment no longer appealable).

---

1. All of the notes provide that they are to be construed according to the law of Oklahoma.

We conclude that Doyle's application for fees was timely.

### B. *Denial of Attorney Fees*

#### 1. *Standard of Review*

Although a district court's award of attorney fees is generally reviewed for abuse of discretion, *Mitchell v. Office of Los Angeles County Superintendent of Schools*, 805 F.2d 844, 846 (9th Cir.1986), the question raised here is whether the district court's denial of Doyle's application for attorney fees was proper under Oklahoma law and the contractual provisions of the Doyle promissory note. We review de novo questions of state law, *In re McLinn*, 739 F.2d 1395, 1403 (9th Cir.1984) (en banc), and questions of contractual interpretation, *see, e.g., Kemmis v. McGoldrick*, 767 F.2d 594, 597 (9th Cir.1985).

#### 2. *Analysis*

It is well settled under Oklahoma law that attorney fees may not be recovered unless authorized by statute or provided by contract. *Webb v. Dayton Tire & Rubber Co., Div. of Firestone Tire Co.*, 697 P.2d 519, 522 (Okla.1985).

■ The statutory provision for the recovery of attorney fees by a prevailing party in Oklahoma is contained in Title 12, Okla.Stat. § 936 (1981), which provides: "In any civil action to recover on a ... note ... *unless otherwise provided by* law or *the contract* which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." (emphasis added). Here, the Doyle promissory note is the contract. It contains the following provision:

> The undersigned agrees that if, and as often as, this Note is placed in the hands of an attorney for collection or to defend or enforce any of the holder's rights hereunder or under any instrument securing paying of this Note, the undersigned will pay to such holder its reasonable attorneys' fees and all court costs and other expenses incurred in connection therewith.

Doyle, who was not liable for payment of the Doyle note, was the prevailing party in the FDIC's action against him. Nevertheless, he is not entitled to attorney fees because the express provisions of his note provide that attorney fees, if any, will only be payable to the holder of the note.

*Bowles v. City National Bank & Trust Co. of Oklahoma City*, 566 P.2d 157 (Okla. Ct.App.1977), cited by Doyle, does not compel a different conclusion. While attorney fees were awarded to the prevailing party in *Bowles*, the case does not clarify whether that party was in the position of the maker or the payee of the notes. It is also unclear from *Bowles* what provisions for attorney fees the notes contained.

### CONCLUSION

The judgment against Lugli, and the district court's order denying Doyle attorney fees, are AFFIRMED.

