Fern M. PURSLEY, Appellee/Counter–
Appellant,

v.

MACK ENERGY CO., Appellant/Counter–
Appellee;

Hilco Enterprises, Inc., Appellee,

and

Enerwest Trading Co., Defendant.

No. 84607.

Court of Appeals of Oklahoma,
Division No. 1.

Oct. 17, 1995.

William A. Gossett, Duncan, for Appellant/Counter–Appellee.

Kerry W. Caywood, Chickasha, for Appellee/Counter–Appellant.

## MEMORANDUM OPINION

CARL B. JONES, Presiding Judge:

The sole issues presented by this appeal and counter-appeal involve the trial court's order denying a motion for attorney fees by Appellee/Counter–Appellant Pursley and the amount of fees awarded on a like motion by Appellant/Counter–Appellee Mack Energy, Inc. We hold that Mack Energy has failed to show that the trial court abused its discretion in awarding considerably less than the amount requested, and that the trial court correctly held there was no contractual or statutory basis for an attorney fee award in favor of Pursley.

Pursley sued Mack Energy for breach of fiduciary duty arising from the latter's operation of oil wells in which she was a part working interest owner, for conversion, and for cancellation of the latter's operator's lien. Mack Energy counterclaimed for unpaid operating expenses and to foreclose its operator's lien. The jury found for Pursley on her breach of duty claim and awarded damages of $20,000; and also awarded Mack Energy $9,500 on its counterclaim. The trial court entered judgment on both verdicts and also entered judgment in favor of Mack Energy on the lien cancellation and conversion claims. Both parties subsequently sought attorney fees. The trial court found that Pursley was a prevailing party because she recovered a net judgment against Mack Energy, but denied her motion for attorney fees as lacking statutory or contractual basis. The court granted Mack Energy's motion for attorney fees, and determined that a reasonable fee related to the lien claim was $4,500.

Mack Energy argues the trial court abused its discretion by awarding substantially less than the amount of fees requested. The record reflects that Mack Energy initially requested over $69,000 in fees. Counsel conceded at the attorney fee hearing that the amount requested could be reduced to slightly less than $50,000 by eliminating time spent on matters not related to prosecution of the lien foreclosure claim or defense of Pursley's claim for cancellation. But he said he could not otherwise segregate the time spent as between the lien-related matters and the breach of fiduciary duty claim. The trial court acknowledged all of this in its findings, but also stated that "[A] $50,000 attorney fee would totally abrogate the net award by the jury." Mack Energy reads that statement as indicating an erroneous reliance on the "net judgment rule."

The "net judgment rule" is a method for determining prevailing party status. See *Smith v. Jenkins*, 873 P.2d 1044, 1046 (Okla. 1994); *Commercial Communications, Inc. v. State ex rel. Okla. Board of Public Affairs*, 613 P.2d 473, 476 (Okla.1980). As the trial court recognized, under such a rule Pursley was a prevailing party because she recovered a net judgment against Mack Energy, i.e. her recovery on the breach of fiduciary duty claim was greater than the amount recovered on the counterclaim. (See discussion below.) We disagree, though, with Mack Energy's position that the trial court used the "net judgment rule" as the basis for awarding less than the requested amount of fees.

■ An award of attorney fees is particularly within the sound discretion of the trial court; the court's decision will not be disturbed absent an abuse of such discretion. *Southwestern Bell Telephone Co. v. Parker Pest Control, Inc.*, 737 P.2d 1186, 1189 (Okla. 1987); *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 663 (Okla.1979). The trial court is not limited to merely multiplying a reasonable number of hours by a reasonable hourly rate, but may consider other factors as well. *See Arkoma Gas Co. v. Otis Engineering Corp.*, 849 P.2d 392, 394 (Okla.1993). Some of those factors are set out in *Burk*, 598 P.2d at 661.

Pursley's suit against Mack Energy alleged that Mack had breached its fiduciary duty as well operator by self-dealing with its principals and affiliates, inflating the expenses associated with operating the wells and depriving her. of her fair share of income from production. She also alleged that Mack Energy had directed that liens be filed against the wells to justify suspension of production payments to her. She prayed for damages for breach of duty and for cancellation of the liens. Mack Energy's counterclaim sought recovery of a proportionate share of operating expenses from Pursley pursuant to an oral contract made years earlier between Mack's predecessor company and Pursley's husband. It also recited filing of the liens after Pursley stopped paying her share of expenses, and sought foreclosure of the liens.

Mack Energy has used the common factor of the oil and gas liens to justify lumping together all of the time spent on defense of Pursley's breach of duty claim and in prosecution of its contract and lien foreclosure counterclaim. Examination of the trial court record and the monthly time statements submitted as an exhibit at the attorney fee hearing reveals that a substantial amount of the time spent by Mack Energy's attorneys was spent on matters not directly related to the liens.[1] Pursley's expert testified that he attempted to apportion the time spent on lien issues and came up with a figure of just over $7,000. Even so, he opined that a reasonable fee for Mack Energy would be $3,200, about one-third of the recovery on the counterclaim—an opinion which he admitted was influenced somewhat by the fact that Pursley had recovered a greater amount on her primary claim than Mack Energy.

■ We find that the trial court's reference to the "net award" should be understood as an acknowledgment of the results achieved by Mack Energy in other aspects of the case and of the comparative amount recovered on its claim for unpaid expenses. The court, under the instruction of *Burk*, was required to consider the amount involved and results obtained in determining reasonable attorney fees. *Burk*, 598 P.2d at 661, 663. And, as recognized in *Southwestern Bell*, "[N]ot in *Burk* nor anywhere else have we rejected the notion that an attorneys' fee must bear some reasonable relationship to the amount in controversy. It does, and that relationship must be considered in each case where an attorneys' fee is awarded." *Southwestern Bell*, 737 P.2d at 1189; *see also Arkoma Gas*, 849 P.2d at 394. Based on our review of the record, and of the applicable law, we hold that the trial court did not abuse its discretion in awarding an attorney fee of $4,500 to Mack Energy.

■ Pursley's sole claim of error on the counter-appeal is that, as prevailing party, she was entitled to an award of attorney fees.[2] But her prevailing party status—based on the "net judgment rule"—does not provide an independent basis for recovery of attorney fees. (The trial court did award Pursley her costs.) She has cited no statutory or contractual authority for awarding her

---

1. The time records do little to inform us in this regard; fewer than ten hours are *expressly* attributed to work on the lien issues or Mack Energy's counterclaim.

2. Pursley's petition in error stated, under the heading of "Issues and Errors Proposed To Be Raised On Appeal":

"1. The trial court erred in awarding the Appellant, Mack Energy Co., attorney's fees against Appellees, Fern M. Pursley and Hilco Enterprises, Inc., for the reason that Pursley having recovered a net judgment against Mack Energy Co. is the prevailing party in the action and is entitled to an award of attorney's fees in her favor and against Mack Energy Co."

attorney fees as prevailing party on her breach of fiduciary duty claim, and we have found none. With narrow exceptions not relevant here, attorney fees are not recoverable in the absence of a statute or an enforceable contract expressly authorizing a fee award. *Wieland v. Danner Auto Supply, Inc.*, 695 P.2d 1332, 1333 (Okla.1984). We therefore reject Pursley's argument on this point.

The trial court's order granting attorney fees of $4,500 in favor of Mack Energy and denying Pursley's motion for attorney fees is affirmed in its entirety.

AFFIRMED.

GARRETT, C.J. and JOPLIN, J. concur.