2005 OK 64

Richard ROBEY and Jeronia Robey,
Appellants/Counter–Appellees,

v.

LONG BEACH MORTGAGE CORPORA-
TION, Appellee/Counter–Appellant,

and

Frisco Title Corporation, Defendant.

No. 100,300.

Supreme Court of Oklahoma.

Sept. 20, 2005.

Lawrence A.G. Johnson, Tulsa, OK, for appellants/counter-appellees.

Melvin R. McVay, Jr., Thomas P. Manning, Phillips McFall McCaffrey McVay & Murrah, P.C., Oklahoma City, OK, for appellee/counter-appellant.

WINCHESTER, V.C.J.

¶ 1 The dispositive issues presented on certiorari are (1) whether the trial court committed reversible error in its use of findings of fact; (2) whether the amount of damages awarded to the plaintiffs, the Robeys, was supported by the record; and (3) wheth-

er the Robeys were entitled to an attorney's fee.[1] We hold that the trial court did not commit reversible error in its use of the findings of fact, that the damages were supported by the record, and that the Robeys are entitled to an attorney's fee.

## I. FACTS

¶2 Richard and Jeronia Robey sold the property known as 14316 E. 19th Place, Tulsa, Oklahoma, described as Lot 31, Block 17, Eastland Park, an addition to the City of Tulsa, Tulsa County, State of Oklahoma. The Robeys employed Frisco Title Corporation to act as closers, and employed a law firm to perform the title examination. When the firm submitted its bill to Frisco as part of the closing costs, it correctly described the property. When Frisco prepared the note and mortgage it misdescribed the property as being Lot 37. Long Beach Mortgage Corporation took a first purchase money mortgage in the property and the Robeys took a second purchase money mortgage.

¶3 The buyers became delinquent on their mortgage to Long Beach. On April 21, 2000, Long Beach sent a letter to the Robeys entitled "Notice of Default". The letter stated that the records of Long Beach indicated the Robeys might have an interest in the property listed by its address as 14316 E 19th Place South, Tulsa, OK 74108, and that Long Beach wished to discuss it.

¶4 Richard Robey testified he had several conversations with Long Beach regarding their interest in the property. He was later asked not to call back again. Richard Robey sent them a copy of the note and mortgage, which included the street address to the property. Long Beach foreclosed without notice to the Robeys.

¶5 Robey testified he found the property on the multilist, which showed a new owner. He called the owner and learned of the foreclosure sale. The Robeys then filed this lawsuit. After the hearing, the trial court awarded the Robeys $19,000.00. The court's "Findings of Fact and Conclusions of Law", filed November 20, 2003, found that the Robeys were in the class of persons entitled to notice of the foreclosure sale, were entitled to notice of the hearing to confirm the sheriff's sale, and that the failure of Long Beach to make the Robeys parties defendant in the foreclosure action deprived them of their statutory right to redeem the property. 12 O.S.2001, §§ 764(A)(1),[2] 766, 42 O.S.2001, § 19.[3] The court's findings and conclusions included an award of an attorney's fee to be set by proper application. However, the court subsequently denied the Robeys' motion for an attorney's fee. The "Journal Entry of Judgment" was dated January 26, 2004, and filed January 27, 2004. The Court of Civil Appeals affirmed.

## II. AMOUNT OF DAMAGES

■ ¶6 The Robeys complain that the trial court's Findings of Fact and Conclusions of Law conflict with the court's Journal Entry of Judgment. They believe that the findings support the amount of damages alleged

---

1. Other issues were raised by the Petition in Error and Counter Petition in Error. These issues were addressed by the Court of Civil Appeals in its opinion, but were not raised on certiorari. These issues stand abandoned. Okla. Sup.Ct.R. 1.180(b), *Pitco Production Co. v. Chaparral Energy, Inc.*, 2003 OK 5, ¶1, n. 2, 63 P.3d 541, 543, n. 2.

2. Title 12 O.S.2001, § 764(A)(1) provides:
"A. Lands and tenements taken on execution shall not be sold unless the party causing the execution to be issued:
"1. causes a written notice of sale executed by the sheriff containing the legal description of the property to be sold and stating the date, time and place where the property will be sold to be mailed, by first class mail, postage prepaid, to the judgment debtor, any holder of interest of record in the property to be sold whose interest is sought to be extinguished, and all other persons of whom the party causing the execution to be issued has notice who claim a lien or any interest in the property whose interest is sought to be extinguished, at least ten (10) days prior to the date of the sale, if the names and addresses of such persons are known. . . ."

3. Title 42 O.S.2001, § 19 provides:
"One who has a lien, inferior to another upon the same property, has a right:
"1. To redeem the property in the same manner as its owner might, from the superior lien; and,
"2. To be subrogated to all the benefits of the superior lien when necessary for the protection of his interests, upon satisfying the claim secured thereby."

by Mr. Robey in his testimony, when he set the value "between 80 and 85 thousand."[4] The parties do not contest that the property was sold at the sheriff's sale for $56,000.00, and that the buyer resold the property for "about 71,000."[5] The court's findings were:

"Plaintiffs are entitled to damages in the amount of $19,000, representing the loss of rentals from the property to date, the loss of tax deduction of $1,200, and the difference between the price obtained at sheriff's sale and the present value of the property, plus costs, and a reasonable attorney fee to be set by the Court upon proper application."[6]

¶ 7 The findings contain the same amount of damages, $19,000.00, as the judgment contains. There is no inconsistency between the findings and the judgment in that regard. The Robeys argue that the value of the home as testified to by Mr. Robey, $85,000.00, was uncontested and therefore the damages awarded were too low.

¶ 8 The Court of Civil Appeals correctly observed that the $85,000.00 figure for the value of the property is at the high end of the estimate made by Mr. Robey, who is in the real estate business. Mr. Robey also testified the property was resold for $71,000.00, which amount the trial court was free to accept as more indicative of market value. Accordingly, that judgment is supported by the evidence presented, and does not in any way contradict the findings of fact by the trial court.

### III. ATTORNEY'S FEE

¶ 9 The Robeys also assert that the trial court erred in declining to award them an attorney's fee. They argue that because the findings of fact include "a reasonable attorney fee to be set by the Court upon proper application" that the court is required to award the attorney's fee. The trial court apparently reconsidered that award since the journal entry denied the Robeys an attorney's fee. The Court of Civil Appeals affirmed.

¶ 10 The Robeys claim they are entitled to an attorney's fee pursuant to 42 O.S.2001, § 176, which provides: "In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action." The Robeys argue their action against Long Beach is for deprivation of their statutory right as lienholders to redeem the property, which makes the action one to enforce a lien.

¶ 11 Title 42 O.S.2001, § 19 provides that one who has a lien that is inferior to another on the same property has a right to redeem the property in the same manner as its owner might, from the superior lien. The Robeys had the statutory right to redeem the property from Long Beach. The Robeys were awarded damages by the trial court because Long Beach had notice they claimed a lien in the property. 12 O.S.2001, § 764(A)(1). When Long Beach failed to provide notice of the foreclosure and sale, it prevented the Robeys from redeeming the property. Those rights are statutory arising out of the lien the Robeys had against the property.

¶ 12 Long Beach compares the facts in this case to *Frontier Fed. Sav. and Loan Ass'n v. Commercial Bank,* 1990 OK CIV APP 105, 806 P.2d 1140. In that case, two banks held notes made by the same debtor. The $200,000.00 note held by Frontier Bank was unsecured. The $31,000.00 note held by Commercial Bank was secured by other commercial paper, which was also in default. The banks separately sued the debtor, and after taking judgment, Commercial Bank sold the collateral at sheriff's sale, with notice to Frontier. Frontier objected, but did not appeal from the confirmation order. Frontier then filed another action, claiming that it held a duly-perfected security interest in the collateralized commercial paper by virtue of a post-judgment garnishment proceeding, and sought actual and punitive damages for losses incurred through Commercial Bank's commercially-unreasonably acts. The

4. Testimony of Richard Robey, Transcript p. 17.

5. Testimony of Richard Robey, Transcript p. 17.

6. Findings of Fact and Conclusions of Law, p. 5.

trial court ruled in favor of Commercial Bank, but denied Commercial's application for an attorney's fee under § 176. The Court of Appeals affirmed, recognizing that the suit was not one to enforce a lien, that Frontier Bank actually had no lien on the collateralized commercial paper. In contrast, the Robeys had a lien on the real property foreclosed by Long Beach.

¶ 13 The *Frontier* case cites this Court's decision in *General Electric Credit Corp. v. First National Bank,* 1970 OK 162, 475 P.2d 137, as authority for its holding. In *General Electric,* the junior lienholder sued the principal debtors. The senior lienholder intervened and successfully established the priority of its lien. The senior lienholder then attempted to collect an attorney's fee from the junior lienholder. The trial court denied the fee, and this Court affirmed, observing that the lienholders had not affirmatively asserted their claims against each other, but rather only against the debtor. *General Electric,* 1970 OK 162, ¶ 8, 475 P.2d at 138. The Robeys have asserted their claim against Long Beach, which distinguishes this case from *General Electric.*

¶ 14 By contrast, in *Ivey v. Henry's Diesel Service,* 1966 OK 170, 418 P.2d 634, the plaintiff brought an action to replevin a tractor and trailer and to foreclose a chattel mortgage, executed as security for a promissory note. The mortgagor neither answered nor made an appearance. The remaining defendant was a garageman who had towed and repaired the tractor and trailer at the request of the mortgagor. He had refused to surrender possession of the tractor and trailer, claiming a lien for towing, repair, and storage. The plaintiff challenged the superiority of his claim and the case was tried before a jury, but the trial court directed a verdict against the plaintiff and assessed an attorney's fee pursuant to § 176. Addressing the issue of the attorney's fee, this Court held that "the statute applies to any action brought to enforce any lien, not just to an action against the primary debtor on a note." *Ivey,* 1966 OK 170, ¶ 8, 418 P.2d at 636. The Court continued that § 176 "was intended to allow recovery of attorney's fee by the successful principal party against the other prin-

cipal party." *Ivey,* 1966 OK 170, ¶ 9, 418 P.2d at 636.

¶ 15 Merely because the Robeys were forced to sue subsequent to the foreclosure on the property does not mean the suit has lost its lien-enforcement character. Because of Long Beach's decision to exclude the junior lienholders by not giving notice, this suit represents the one and only opportunity the junior lienholders have to enforce their lien, and the lien claimants are in adversary posture. This was an action to enforce a lien, and the prevailing party should have been allowed to recover an attorney's fee. The refusal of the trial court to award a fee was error. The case is remanded to award the Robeys a reasonable attorney's fee pursuant to 42 O.S.2001, § 176.

CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS' OPINION VACATED; JUDGMENT OF THE TRIAL COURT AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.

CONCUR: LAVENDER, HARGRAVE, OPALA, KAUGER, EDMONDSON, TAYLOR, COLBERT, JJ.

DISSENT: WATT, C.J.