2008 OK CIV APP 18

**Dale STATON and Carolyn Staton, husband and wife, Plaintiffs/Appellees/Counter–Appellants,**

v.

**The GUARANTEE STATE BANK OF MANGUM, Oklahoma, Defendant/Appellant/Counter–Appellee.**

**No. 103,601.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Dec. 7, 2007.

Certiorari Denied Feb. 11, 2008.

Babette Patton, Breathwit & Patton, P.C., Oklahoma City, OK, for Plaintiffs/Appellees/Counter–Appellants.

Ty Johnson, Massad, Evans & Kent, Inc., Frederick, OK, and Ann L. Hoover, Law Offices of Ann L. Hoover, Topeka, KS, for Defendant/Appellant/Counter/Appellee.

JOHN F. FISCHER, Presiding Judge.

¶1 The trial court defendant Guarantee State Bank of Mangum, Oklahoma (Bank), appeals a judgment awarding the plaintiffs Dale Staton and Carolyn Staton (Statons) attorney fees and costs in their successful action against the Bank. The Statons appeal from the same judgment asserting that the Trial Court erred in awarding them substantially less than the amount of attorney fees requested in their motion.

## BACKGROUND

¶2 The underlying facts and claims of this matter are best stated using Section I of the Statons' Brief:

*PLAINTIFFS DALE STATON AND CAROLYN STATON'S APPLICATION FOR ATTORNEY FEES*

*STATUTORY AUTHORITY FOR ATTORNEY FEES*

In this case, Guarantee State Bank initially sued the Statons for an alleged breach of promissory notes and to foreclose mortgages held by Guarantee State Bank, which forced the Statons to file bankruptcy. The Statons then filed an adversary complaint in the bankruptcy court for breach of the terms of the promissory notes, fraud, and breach of the implied covenant of good faith and fair dealing. The bankruptcy court ruled that the claims were state law claims, and instructed the Statons to file their claim in state court. The Statons filed the present action, again asserting breach of the terms of the promissory notes, including wrongfully declaring the notes in default and wrongfully foreclosing on the Statons' mortgage; fraud and breach of the implied covenant of good faith and fair dealing. The jury returned a verdict for Statons based on the Bank's breach of contract and awarded damages.[1] The jury also found that the Bank had defrauded the Statons and had acted in bad faith, but did not return damages on those claims.

The Statons requested an attorney fee of $125,760, plus a 25% enhancement of the total hourly rate. The Bank objected and

---

1. The evidence at trial showed that the Bank had improperly applied payments made by the Sta-tons on the mortgage to another note, causing the default on the mortgage.

after a hearing, the Trial Court awarded the Statons an attorney fee of $50,000 and costs of $2,121.95.[2] The Bank appeals the award of attorney fees. The Statons also appeal, challenging the amount of the attorney fee award.

## STANDARD OF REVIEW

¶ 3 The appellate court has the plenary, independent and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Inv. Corp.,* 1996 OK 125, n. 1, 932 P.2d 1100, 1103 n. 1.

¶ 4 The question of a party's right to recover attorney fees presents a question of law. *Hawzipta v. Ind. Sch. Dist. No. I-004 of Noble Co.,* 2000 OK CIV APP 113, ¶ 26, 13 P.3d 98, 103. Moreover, a trial court's grant of an attorney fee, where allowed by law will not be changed absent an abuse of discretion. *See Pursley v. Mack Energy Co.,* 1995 OK CIV APP 129, 908 P.2d 289 (awarding attorney fees based on successful prosecution of a lien claim, but in an amount substantially less than requested).

### I. The Bank's Appeal

¶ 5 Absent statutory or contractual authority, or the "bad faith" exception to the American Rule, attorney fees cannot be awarded to successful litigants in Oklahoma. *City Nat'l Bank & Trust Co. v. Owens,* 1977 OK 86, 565 P.2d 4. The Oklahoma Supreme Court recently restated its strict adherence to the American Rule as the basis for recovery of attorney fees in this State. *Fulsom v. Fulsom,* 2003 OK 96, ¶ 8, 81 P.3d 652, 655. The Statons, therefore, rely on 12 O.S. Supp. 2002 § 936 and 42 O.S.2001 § 176 as statutory authority for their fee award. The Trial Court's order did not recite the basis on which it granted the Statons' motion. Nonetheless, if the order is legally correct on any basis, we must affirm. *Harvey v. City of Oklahoma City,* 2005 OK 20, ¶ 12, 111 P.3d 239, 243.

¶ 6 As relevant to this case, section 936 provides that in any civil action to recover on a note, "the prevailing party shall be entitled to a reasonable attorney fee." It is clear,

therefore, that had the Bank prevailed in its original mortgage foreclosure action, it would have been entitled to attorney fees pursuant to section 936. *See Bowles v. City Nat'l Bank and Trust Co. of Oklahoma City,* 1977 OK CIV APP 13, 566 P.2d 157. It is equally clear that the Statons did not recover "on a note" in the Trial Court. *See e.g. Borst v. Bright Mortgage Co.,* 1991 OK 121, 824 P.2d 1102 (holding that attorney fees are not recoverable pursuant to section 936 in an action to rescind a promissory note because cancellation of a note is not equivalent to recovering on a note). Therefore, absent the unusual circumstances of this case, the Bank's appeal would be well founded.

¶ 7 It is equally well settled, however, that section 936 would authorize attorney fees to the Statons if they had prevailed in the Bank's original foreclosure action. *See Nat'l Educators Life Ins. Co. v. Apache Lanes, Inc.,* 1976 OK 121, 555 P.2d 600 (approving an award of attorney fees to guarantors who successfully defended an action to enforce the guarantees pursuant to the Bank's efforts to collect the note). *See also Welling v. Am. Roofing & Sheet Metal Co.,* 1980 OK 131, 617 P.2d 206 (affirming an award of attorney fees to a defendant who successfully defended a mechanic's lien enforcement action even though the contractor prevailed on its unjust enrichment action).

¶ 8 Rather than defend the Bank's foreclosure action in state court, however, the Statons sought the protection of the federal bankruptcy court. That resulted in an automatic stay of the Bank's suit. The Statons then sought to assert their defense to the Bank's claim in an adversary proceeding in their bankruptcy case. The Bankruptcy Court concluded that the nature of the Statons' defense raised only issues of Oklahoma law and dismissed the adversary proceeding. As a result, the Statons were left with one option; they could pursue their claims against the Bank in Greer County, the county in which the Bank had originally filed suit.

¶ 9 In that respect, *Robey v. Long Beach Mortgage Corporation,* 2005 OK 64, 124 P.3d 221, is instructive. Because the Robeys were

---

2. The Bank's appeal indicated that it challenged the costs awarded, but the Bank did not address this issue in its brief in chief and its reply brief recites that it does not challenge the costs awarded. Therefore, the award of costs is affirmed.

not provided notice of the mortgage company's original foreclosure action, they were forced to sue in a separate action to protect their lien interest. Nonetheless, they were entitled to attorney fees pursuant to 42 O.S. 2001 § 176. The Oklahoma Supreme Court held:

Merely because the Robeys were forced to sue subsequent to the foreclosure on the property does not mean the suit has lost its lien-enforcement character. Because of Long Beach's decision to exclude the junior lienholders by not giving notice, this suit represents the one and only opportunity the junior lienholders have to enforce their lien, and the lien claimants are in adversary posture. This was an action to enforce a lien, and the prevailing party should have been allowed to recover an attorney's fee. The refusal of the trial court to award a fee was error. The case is remanded to award the Robeys a reasonable attorney's fee pursuant to 42 O.S. 2001 § 176.

*Robey*, 2005 OK 64 at ¶ 15, 124 P.3d at 224. The *Robey* decision does not resolve the section 936 issue in this case, but it does direct us to analyze the character of the Statons' state court action.

¶ 10 In this case, the Statons proved to the satisfaction of the state court jury that the Bank had taken payments they made "on their mortgage" and applied them to another loan in breach of the terms of the promissory note that the mortgage secured. Had the Statons offered that proof in defense of the Bank's original foreclosure action, the result would have been the same. They would have been the prevailing party in that case and entitled to attorney fees. In this respect, we find no difference between section 176 and

section 936. Consequently, the fact that the bankruptcy court "forced [the Statons] to sue subsequent to the foreclosure" did not change the character of the Statons' suit. The Bank sued on the note and the Statons proved that the Bank breached the terms of that note.[3] The fact that two actions were involved rather than one does not preclude the application of section 936. There need not be one judgment disposing of the Bank's claim and, at the same time, awarding damages to the Statons. *See Tomahawk Res., Inc. v. Craven*, 2005 OK 82, ¶¶ 6–7, 130 P.3d 222, 223–24 (holding that a formal judgment need not be entered to determine the "prevailing party" for purposes of section 936). The Trial Court correctly granted the Statons' motion for attorney fees.[4]

## II. The Statons' Appeal

¶ 11 The Statons appeal from the amount of the attorney fee award arguing that they have properly documented with time records from their counsel an attorney fee of $125,760, an amount substantially in excess of the $50,000 actually awarded. They also seek an enhancement of the amount reflected in the time records. To support their claim for enhancement of the fee beyond the calculated hourly rate, they point to the fact that the fee agreement was contingent on the outcome of the litigation.

¶ 12 When an appeal raises the issue of the reasonableness of any attorney fees awarded by a trial court, the standard of review is whether there has been an abuse of discretion by the trial judge. *Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 1996 OK 121, ¶ 32, 932 P.2d 1091, 1097; *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, ¶ 22, 598 P.2d 659, 663. Although

---

**3.** That circumstance distinguishes this case from *First Nat'l Bank of Guthrie v. Brown*, 1978 OK 72, 579 P.2d 825, in which the Court held that, for two reasons, the successful defendant was not entitled to attorney fees pursuant to section 936 in a bank's action to recover on an assignment of income given to secure a note. First, because the note had been discharged in the defendant's previous bankruptcy, the bank's suit could not have been on the note. Second, the bank's action to enforce the income assignment was a suit against a specific fund, not one of the actions enumerated in section 936. Here, there is no evidence that the Bank's note had been discharged in the Statons' bankruptcy.

**4.** Our application of 12 O.S. Supp.2002 § 936 to affirm the Trial Court's judgment makes it unnecessary to consider whether 42 O.S.2001 § 176 would also support this award because mortgage documents like the one at issue here contain, as a matter of law, a provision awarding attorney fees to the prevailing party, *see* 42 O.S. 2001 § 5, even though the contractual provision in this agreement only provided for attorney fees to the Bank if it successfully pursued collection of the note.

one of the factors to be considered by the court, the presence of a contingency fee arrangement is ultimately a matter between the client and his attorney and is not binding on the court in its determination of an appropriate attorney fee. *Green Bay,* 1996 OK 121 at ¶ 48, 932 P.2d at 1099–1100.

¶ 13 Furthermore, a reasonable prevailing-party attorney fee in a given case cannot fairly be calculated on the basis of time alone. *Oliver's Sports Ctr., Inc. v. Nat'l Standard Ins. Co.,* 1980 OK 120, ¶ 6, 615 P.2d 291, 294. *See also Robert L. Wheeler, Inc. v. Scott,* 1989 OK 106, ¶ 8, 777 P.2d 394, 396 (noting that a reasonable attorney fee "does not necessarily result from simple multiplication of the hours spent times a fixed hourly rate"). Indeed, "the use of time as the sole standard is of dubious value" because "worthy use of time could cease to be a virtue," thus placing a premium on inefficiency and leaving "expeditious disposition of litigation [to] go unrewarded." *Id.* at ¶ 7, 777 P.2d at 396. Therefore, a trial court should enhance or reduce the basic hourly rate as warranted under the circumstances of the case, after consideration of the *Burk* and *Oliver* factors applicable to the case. *Id.* at ¶ 21, 777 P.2d at 398–99.

¶ 14 Here, the Trial Court applied the applicable standards and determined that the requested fee should be substantially reduced. As pointed out by the Bank in its objection to the Statons' application for attorney fees, there are factors in this case that tend to justify the reduction of the fee, including duplication of effort by attorneys and billing for hours unrelated to the litigation before the Trial Court. Accordingly, we find that the Trial Court did not abuse its discretion in setting the amount of the Statons' prevailing-party attorney fee and affirm the judgment of the Trial Court.

¶ 15 **AFFIRMED.**

WISEMAN, J., concurs, and RAPP, C.J., concurs in part and dissents as to award of attorney fees.

RAPP, C.J., concurring in part and dissenting as to award of attorney fees:

¶ 1 I dissent. I would hold that this is not an action in which attorney fees may be awarded. The Oklahoma Supreme Court restated that in Oklahoma strict adherence to the American Rule as to the recovery of attorney fees in litigation remains the law. *Fulsom v. Fulsom,* 2003 OK 96, ¶ 8, 81 P.3d 652, 655. Thus, there must be a specific statute or contract allowing for recovery. Neither Section 936 nor Section 176 applies to the facts of this case.[5]

¶ 2 The Statons' above action shows clearly that this was an action in contract and tort. Had the Statons initially counter-sued or defended the Bank's action in State Court prior to filing its action in Bankruptcy Court and succeeded, then they might have been entitled to an attorney fee award for successful defense of Bank's lien. However, here this was not done. The Statons chose to seek federal bankruptcy protection and under that umbrella unsuccessfully launched their suit against the Bank, but they were required by the Bankruptcy Court to prosecute their action in a different jurisdiction-the State Court. The Statons, in bringing their action here in State Court, sought relief on two basic grounds-Breach of Contract and Tort. Neither of these grounds has a statutory basis for an attorney fee award, nor have the Statons shown any contract basis for the award.

¶ 3 Again, the gist of the Statons' action, as stated, claims a breach of the contractual relationship, in addition to fraud and unfair dealing.

5. Title 12 O.S. § 835 provides:
"In any civil action to recover on a . . . note . . . the prevailing party shall be allowed a reasonable attorney fee to be set by the court."
In this case, the Bank initiated the action by suing the Statons to recover what it claimed was due on the notes. The Statons asserted claims that the Bank breached the terms of the notes by wrongfully claiming that the Statons were in default on the notes. 42 O.S. § 176 provides: "In an action brought to enforce any lien, the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action." Again, the Bank initiated this action to foreclose on mortgages given by the Statons. The Statons prevailed on their claim that the bank wrongfully declared them in default and wrongfully sought to foreclose their mortgages. Both statutes provide authority for the recovery of attorney fees by the Statons.

¶ 4 In *Borst v. Bright Mortgage Co.*, 1991 OK 121, 824 P.2d 1102 n. 5, the Oklahoma Supreme Court, in a strict application of the American Rule, held that attorney fees were not to be awarded in an action to rescind a promissory note because cancelling a promissory note is not the same as recovering on a promissory note. In an instructive footnote, the Court stated:

> While we offer no justification as to why the legislature would afford a successful litigant attorney fees for "recovering" on a note while denying them to one who succeeds in having a note "cancelled," the fact remains, the statute is not applicable.

*Id.* at n. 5.

¶ 5 Here, the Statons did not defend on the mortgage but sought other relief. The Statons' action is not covered by the statutes they cite. Thus, I would hold that the Statons' counter-appeal is moot.